**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

**No. 05-12985**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00466-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN HERNANDEZ-ANGULO,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**

_____

**(December 19, 2005)**

**Before DUBINA, CARNES and PRYOR, Circuit Judges.**

**PER CURIAM:**

Appellant Adrian Hernandez-Angulo, a federal prisoner, appeals his 41-

month sentence for unlawful entry of a deported alien, in violation of 8 U.S.C. §§ 1326(a), (b)(2).  Hernandez was sentenced based on an offense level that was increased because he had previously been deported because of a felony assault conviction, and he challenges that increase.  Hernandez claims that (1) as his prior conviction was not specifically mentioned in the indictment, the district court violated his constitutional rights when it enhanced his sentence; (2) *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), is no longer good law; and (3) his sentence violates the Sixth Amendment following the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

We review the district court's application of law to the facts and constitutional challenges to a sentence *de novo*.  *United States v. Cantellano*, ___ F.3d ___, No. 05-11143 at *2 (11th Cir. Nov. 15, 2005).  Although *Blakely* does not apply to the Federal Sentencing Guidelines, *see Blakely*, 542 U.S. at 305 n.9, 124 S. Ct. at 2538 n.9, the Supreme Court held in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)*,* that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment.  543 U.S. at ___, 125 S. Ct. at 752-55.  Thus, the *Booker* court held that "the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines*

2

*system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005) (emphasis in original). A defendant who fails to object to the facts in the PSI has admitted them. *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005). The holdings in *Blakely/Booker* do not apply to the use of prior convictions to enhance a defendant's sentence. *See United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir.), *cert. denied*, 126 S. Ct. 223 (2005).

Title 8, section 1326 sets the criminal penalties for removed aliens who reenter the United States. 8 U.S.C. § 1326. Section 1326(b)(2) states that an alien "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2). An aggravated felony is defined as a crime of violence, as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). A crime of violence is one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16.

In *Almendarez-Torres*, the Supreme Court held that (1) 8 U.S.C. § 1326(b)(2) is an enhancement to the crime described in 8 U.S.C. § 1326(a), not a

3

separate crime; and consequently (2) neither the Constitution nor the statute require the federal government to charge that a defendant was convicted of an aggravated felony in the indictment. *Almendarez-Torres*, 523 U.S. at 230-31, 243-44, 118 S. Ct. at 1224-25, 1230-31. Thus far, no Supreme Court decision has disturbed the conclusion reached in *Almendarez-Torres*. *Cantellano*, ___ F.3d ___, No. 05-11143 at *6. Accordingly, "a district court does not err by relying on prior convictions to enhance a defendant's sentence," and those prior convictions need not be proven beyond a reasonable doubt. *Shelton*, 400 F.3d at 1329.

After reviewing the record and both parties' briefs, we find no reversible error. Hernandez was sentenced after the Supreme Court's decision in *Booker* was released, and the record shows that the district court was aware the guidelines were advisory. Further, Hernandez admitted the fact of his assault conviction during the plea colloquy, and did not object to its description in the PSI. Thus, even if the holdings in *Blakely/Booker* did apply to the use of prior convictions to enhance a defendant's sentence, there would be no error as Hernandez admitted that he had been convicted of a crime, an element of which was the use of force against another. *Shelton*, 400 F.3d at 1330, 18 U.S.C. § 16. However, as we have repeatedly held that *Almendarez-Torres* remains good law, the government was not required to allege that Hernandez had been convicted of an aggravated felony in

4

order to increase his sentence. *See Cantellano*, ___ F.3d ___, No. 05-11143 at *5-6. Moreover, the indictment did allege that Hernandez had violated 8 U.S.C. § 1326(b)(2), so he had notice of the increased sentence. The district court did not err in relying on prior convictions to enhance Hernandez's sentence. *See Shelton*, 400 F.3d at 1329. For the above-stated reasons, we affirm Hernandez's sentence.

**AFFIRMED.**