[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12379
Non-Argument Calendar

_____

D. C. Docket No. 04-00204-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWAYNE B. SMITH,
a.k.a. Dewayne Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 6, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Dwayne B. Smith appeals (1) his conviction following a jury trial for possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c), and (2) his total 111-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1); possessing with intent to distribute a detectible amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c), and his § 924(c) offense. Smith argues on appeal that the government's evidence was not sufficient for a reasonable jury to conclude that he possessed firearms in furtherance of a drug-trafficking offense, and that the district court, therefore, erred in denying his motion for a judgment of acquittal, filed pursuant to Fed.R.Crim.P. 29. Furthermore, Smith contends that the court erred in adopting facts in Smith's presentence investigation report ("PSI") relating to his offenses of conviction, in violation of the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, ___, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005). For the reasons set forth more fully below, we affirm.

After a federal grand jury returned an indictment, charging Smith with the above-referenced offenses, he plead guilty to the §§ 922(g)(1) and 841(a)(1) offenses. During Smith's plea colloquy, he agreed that the government could establish that (1) officers with the Doraville Police Department searched an apartment that Smith had used, but at which he did not reside; (2) during this

search, the officers recovered from throughout the apartment eight-and-a-half ounces of cocaine, three ounces of marijuana, baggies, and a scale; (3) the officers also recovered from underneath a seat cushion and next to the sofa a loaded .38 special .357 Magnum and a loaded .45 caliber revolver; (4) Smith previously had been convicted of at least one controlled-substance offense; (5) he previously had traded drugs to obtain the firearms at issue; (6) he had the firearms for protection; (7) he intended to sell the cocaine; and (8) the firearms either were made or assembled outside of Georgia.

Smith then proceeded to a jury trial on his remaining § 924(c) offense, during which John Kanupke, an investigator with the Special Investigation Section of the Doraville Police Department, testified that, pursuant to a search warrant obtained through information supplied by a confidential informant ("CI"), officers entered an apartment at 1449 Briarwood Road, Apartment 32, Atlanta, Georgia, and they searched it for drugs and drug paraphernalia. On entering this apartment, Investigator Kanupke observed that it was unfurnished, except for a couch, chair, and a television set, and that it contained no personal items, other than some clothing in a corner and an insurance letter addressed to Smith in a kitchen cabinet.

Investigator Kanupke further testified that, as part of this search, the officers recovered (1) three baggies of cocaine from inside a cabinet, next to an open box of

3

baking soda and sandwich bags; (2) an electronic digital scale, with white residue on its surface, from the lower shelf of the same cabinet; (3) an additional baggie of cocaine from inside a dustpan on the top of the refrigerator; (4) a box of 12 Remington .45 caliber bullets with dime-size baggies from drawers adjacent to the refrigerator; and (5) three baggies of cocaine from inside a light fixture in the bathroom. In the living-room area, the officer also recovered (1) a loaded .38 special .357 Magnum revolver from the floor, next to the couch; and (2) a loaded Smith and Wesson .45 caliber revolver from underneath the middle cushion of the couch. When Smith drove up to the apartment during this search, the officers recovered from his person more than $1,000 in U.S. currency. The officers also discovered that one of Smith's keys fit the lock of the apartment. After being taken to the police station, Smith conceded that: (1) although the apartment was not his primary residence, he used it; (2) he owned the cocaine recovered from the residence; (3) two years earlier, he had purchased the firearms with $100 worth of cocaine; and (4) he had the firearms for protection, because he was scared.

At the close of the government's evidence, Smith moved for a Rule 29 judgment of acquittal, arguing that the government had produced insufficient evidence to prove that he possessed the firearms at issue in relation to, or in

furtherance of, a drug-related offense.  After the district court reserved its ruling on this Rule 29 motion, the jury found Smith guilty of the § 924(c) offense.

Prior to sentencing, the probation officer prepared a PSI, which included a description of the offense conduct.  Smith objected to this description, arguing that, because this information was obtained by reviewing the prosecutor's case file and the investigative police reports, it was hearsay.  Smith also cited in support to Shepard, 544 U.S. at ___, 125 S.Ct. at 1263, in which the Supreme Court decided that a sentencing court may not rely on police reports in deciding whether a prior conviction was a "generic burglary," in the context of determining whether the conviction is a "violent felony" under the Armed Career Criminal Act.[1]  The probation officer responded that the inclusion of this offense conduct was proper because (1) Smith admitted it during his plea colloquy as it related to his §§ 922(g)(1) and 841(a)(1) offenses, and (2) the government established at trial his § 924(c) offense conduct.

At sentencing, Smith renewed his objection to the PSI's inclusion of offense conduct that the probation officer obtained solely by reviewing the prosecutor's case file and police reports.  Smith also explained that, to the extent the

_____

[1]  The Armed Career Criminal Act sets a mandatory minimum 15-year sentence for a defendant who is convicted of possessing a firearm, pursuant to 18 U.S.C. § 922(g), when the defendant has three prior convictions for serious drug offenses, "violent felonies," or a combination of both.  See 18 U.S.C. § 924(e).

government produced evidence at trial, he did not believe that this evidence established his § 924(c) conviction. Apparently interpreting this additional explanation as a renewal of Smith's Rule 29 motion, the court stated as follows:

> I think it is a very close question, the [§] 924(c) conviction. Because the facts of the case were that Mr. Smith was down in his automobile. The gun was up in the apartment. There wasn't any evidence that I heard [] that there was a drug transaction being conducted at the time. So it gives me just intellectually a problem making that leap . . . But the precedent, as you know, in the Eleventh Circuit, you know, I think the jury was properly instructed on what the rules are and they found that he did have the gun in furtherance of a drug[-]trafficking offense. I think they were instructed that it has to have some purpose or effect with respect to the drug[-] trafficking crime, and had I been on the jury I'm not sure I would have seen that from the evidence in this case, but, of course, that's not the standard on a motion for a directed verdict. I think I've got to deny that. I don't know what the Eleventh Circuit will do with that and I hope you'll present the question to them.

In addition to responding that Shepard was inapplicable because Smith, unlike the defendant in Shepard, was not an armed career offender, the government offered testimony from the probation officer who prepared Smith's PSI that the officer had relied, at least in part, on charging documents and sentencing documents in determining Smith's criminal-history points. On cross-examination, the probation officer conceded that she also relied on information she received from the prosecutor's file in preparing the offense-conduct section of the PSI. Smith, however, clarified that he was not objecting to the PSI's calculation of his

6

offense level or his criminal-history points. Explaining that it only was relying on offense conduct in the PSI that it had learned through the plea colloquy and at trial, the court overruled this objection. The court then adopted the PSI's factual findings and calculations, and it sentenced Smith to 111 months' imprisonment, 3 years' supervised release, and a $1,500 fine.

Smith contends that his appeal presents an issue of first impression, that is, does a defendant's possession of firearms satisfy the "in furtherance of" requirement in § 924(c) when there is no evidence that the defendant was involved in a drug transaction at the time he possessed the firearms. Smith asserts that the government presented no evidence showing that the firearms were accessible when drug transactions occurred, or that he possessed the firearms to protect either the drugs or their profits. Smith also contends that neither his status as a convicted felon in possession of a firearm, nor his general concession that he obtained the firearms for "protection because he was scared," was sufficient to establish the "in furtherance of" requirement. Moreover, Smith argues that the jury's finding that the government satisfied § 924(c)'s "in furtherance of" requirement was inconsistent with the statute's legislative history, our caselaw, and persuasive authority from other circuits.

7

We review de novo the sufficiency of evidence to support convictions. United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004). We, however, resolve all reasonable inferences in favor of the jury's verdict. Id. "The evidence is sufficient so long as a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt." Id. (quotation omitted).

The statute at issue, § 924(c)(1)(A), is applicable when:

[A]ny person who, during and in relation to any crime of violence or drug[-] trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . .

18 U.S.C. § 924(c)(1)(A). Prior to Congress adding the "in furtherance of" prong of this statute in November 1998, the government was required to prove that the defendant used or carried the firearm. See United States v. Suarez, 313 F.3d 1287, 1291-92 (11th Cir. 2002) (discussing prior caselaw interpreting § 924(c)). Moreover, in construing the "use" prong of this prior version of § 924(c), the Supreme Court held in Bailey v. United States, 5165 U.S. 137, 143-44, 116 S.Ct. 501, 505-06, 133 L.Ed.2d 472 (1995), that mere possession of a firearm during such a crime was not sufficient and that an active employment of the firearm by the defendant, instead, was required.

8

Subsequent to the 1998 Amendment to § 924(c), we adopted the Fifth Circuit's reasoning in United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir. 2000), that is, that the plain meaning of "furtherance" was consistent with the legislative intent of this amendment and not in violation of the canons of statutory construction. United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002) (citing Ceballos-Torres, 218 F.3d at 415). We discussed that the legislative history indicated that the amended version of the statute added the phrase criminalizing possession "in furtherance of" a drug- trafficking crime to "revers[e] the restrictive effect of the Bailey decision." Timmons, 293 F.3d at 1252 (quoting H.R. Rep. 105-455 at 6 (1997)). Thus, we concluded that, although "the presence of a gun within the defendant's dominion and control during a drug[-]trafficking offense is not sufficient by itself to sustain a § 924(c) conviction," a conviction is supported by "a showing of some nexus between the firearm and the drug[-]selling operation." Timmons, 283 F.3d at 1253.

Additionally, we adopted in Timmons the following non-exclusive list of factors for determining whether this nexus exists: (1) the type of drug activity that was being conducted, (2) the accessibility of the firearm, (3) the type of firearm, (4) whether the firearm was stolen, (5) whether the possession of the firearm was legal, (6) whether the firearm was loaded, (7) the firearm's proximity to the drugs

9

or drug profits, and (8) the time and circumstances under which the firearm was found. Id. Applying these factors in Timmons, we concluded that, although the defendant was standing outside of his apartment when the police arrive, he had possessed a firearm "in furtherance of" a drug trafficking offense when he had on his person a cellular phone and a pager, and the police recovered (1) a two-way radio from the ground a few feet away from the defendant, (2) documents from inside the apartment indicating that the defendant lived there, (3) two fully loaded firearms from the top of the stove-top oven, (4) an empty ammunition box of 9mm cartridges from inside the oven, (5) a bullet-proof vest from the closet next to the living room, (6) cocaine base and $350 from inside a drawer under the stove, (7) a plastic baggie with individual hits of cocaine base from under the cushions of the couch, and (8) six individually packaged rocks of cocaine base from a shoe matching the defendant's size in the bedroom of the apartment. Id. at 1249, 1253.

Similarly, in United States v. Suarez, 313 F.3d 1287 (11th Cir. 2002), one of the defendants argued that his § 924(c) conviction was not supported by sufficient evidence because the evidence showed that his possession of a firearm was "merely coincidental with the criminal conduct." Id. at 1291. Applying the Timmons factors, we discussed that (1) the defendant's residence, where the firearms were recovered, was the initial delivery point of the drugs from Mexico;

10

(2) the firearms recovered from the residence consisted of the civilian version of an AK-47, two semi-automatic rifles, a sawed-off shotgun, two semi-automatic pistols, and a Tech .9 millimeter Intertech pistol; (3) the firearms were distributed in several different places and were easily accessible; (4) two of the firearms were illegally shortened; and (5) none of the firearms was of a type typically used for a legal purpose, such as hunting. Id. at 1292-93. We concluded that the jury reasonably could have inferred that the firearms recovered from the residence were to be used to protect the conspirators' investment in their shipment, and that the evidence in the case was sufficient to support a conviction for possession of a firearm in furtherance of a drug-trafficking crime. Id. at 1293.

Applying the Timmons factors to the facts in the instant appeal, Investigator Kanupke testified that the officers recovered from the apartment in question (1) three baggies of cocaine from inside an upper cabinet, next to an open box of baking soda and sandwich bags; (2) an electronic digital scale, with white residue on its surface, from the lower shelf of the same cabinet; (3) an additional baggie of cocaine from inside a dustpan on the top of the refrigerator; (4) a box of 12 Remington .45 caliber bullets with several dime-size baggies from drawers adjacent to the refrigerator; and (5) three baggies of cocaine from inside a light fixture in the bathroom. Moreover, the firearms, which Investigator Kanupke

testified were recovered from the floor, next to the couch in the living room, and underneath the middle cushion of the couch, were readily accessible. Indeed, to the extent Smith is contesting accessibility because he was stopped and arrested outside of the apartment, the officers discovered that one of Smith's keys fit the lock of the apartment, and an insurance paper recovered from the apartment had Smith's name on reflected that he at least used the apartment. See United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (explaining that, for purposes of § 924(c), "[p]ossession may be actual or constructive, joint or sole") (quotation omitted).

Furthermore, similar to the firearms in Suarez, neither the .38 special .357 Magnum, nor the .45 caliber revolver, was of a type typically used for a legal purpose, such as hunting. See Suarez, 313 F.3d at 1292-93. These firearms were loaded, as well as being illegally possessed by a convicted felon and obtained in exchange for drugs. Similar to the facts in Timmons, a box of 12 Remington .45 caliber bullets were recovered in close proximity in the kitchen to evidence indicating drug distribution, including baggies of cocaine, an open box of baking soda, sandwich bags, and an electronic digital scale with white residue on its surface. See also Timmons, 283 F.3d at 1249, 1253. Moreover, despite Smith's contention that his general statement that he had the firearms for protection did not

12

establish the requisite nexus, the jury, in reviewing this admission as well as the evidence recovered from the apartment, reasonably could have inferred that the firearms recovered from the residence were to be used to protect the intended drug trafficking activity.  See Suarez, 313 F.3d at 1293.

Thus, "a reasonable trier of fact, choosing among reasonable interpretations of the evidence," could have found Smith guilty beyond a reasonable doubt of possessing a firearm in furtherance of a drug-trafficking offense, and the district court did not err in denying Smith's Rule 29 motion.  See Pineiro, 389 F.3d at 1367.  We, therefore, affirm Smith's § 924(c) conviction.

Smith also is arguing on appeal that the district court erred in adopting the PSI's factual findings as they related to his possession with intent to distribute cocaine base when the probation officer testified at sentencing that she relied upon the government's case file and police reports.  In raising this argument, Smith again relies on the Supreme Court's holding in Shepard.

Post-Booker,[2] we continue to review a district court's factual determinations for clear error.  See United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir.

---

[2]  The Supreme Court in Booker held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. See  United States v. Booker, 543 U.S.  220, ___, 125 S.Ct. 738, 749-51, 160 L.Ed.2d 621 (2005). Furthermore, the Booker Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." See id. at ___, 125 S.Ct. at 756.

2005) (explaining that Booker did not alter this Court's standards of review). We cannot find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." Id. at 1177 (quotation omitted). On the other hand, we review de novo the application by the district court of law to facts. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005).

As discussed above, the Supreme Court decided in Shepard that a sentencing court may not rely on police reports in deciding whether a prior conviction was a "generic burglary," in the context of determining whether the conviction is a "violent felony" under the Armed Career Criminal Act. Shepard, 543 U.S. at ___, 125 S.Ct. at 1263. Instead, when it is impossible to determine from the judgment or statute whether the prior conviction satisfies the enhancement statute, the court's review "is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id.

In the instant appeal, however, Smith was not sentenced as an armed career criminal. At sentencing, Smith also conceded that he was not challenging the court's determination of his criminal history. Moreover, Smith has failed to cite to caselaw in which either the Supreme Court or this Court has extended the Supreme

14

Court's decision in Shepard to facts in a PSI relating to the defendant's offense conduct. Thus, we conclude that Shepard is inapplicable.[3]

Regardless, even if the Supreme Court's decision in Shepard was applicable, Smith's argument is without merit. In addressing Smith's Shepard objection during sentencing, the district court explicitly stated that, although the PSI arguably contained hearsay evidence, the court was relying solely on offense conduct described in the PSI that either Smith had admitted during his plea colloquy, or the government had established at trial. Thus, no error occurred.

Accordingly, we conclude that the evidence was sufficient for a reasonable jury to conclude that Smith possessed firearms in furtherance of a drug-trafficking offense. The district court, therefore, did not err in denying Smith's Rule 29 motion for a judgment of acquittal. We also conclude that, even if the Supreme Court's decision in Shepard was applicable, the district court did not err in relying

---

[3] We note that, although a plurality of the Supreme Court in Shepard explained that, while a dispute over whether a burglary was a "violent felony" for purposes of § 924(e) enhancement could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones [v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)], to say that Almendarez-Torres [v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)] clearly authorizes a judge to resolve the dispute," see Shepard, 543 U.S. at ___, 125 S.Ct. at 1262, we repeatedly have explained post-Shepard that Almendarez-Torres must be followed because the Supreme Court has not explicitly overruled Almendarez-Torres," see United States v. Greer, No. 05-11295, manuscript op. at 12-18 (11th Cir. Jan. 10, 2006) (summarizing caselaw in which we have rejected the argument that Almendarez-Torres was undermined by Apprendi and its progeny).

on offense conduct described in the PSI which had also been admitted or proven at trial. We, therefore, affirm Smith's § 924(c) conviction and sentences.

**AFFIRMED.**