[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14661
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-80060-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENARD ANTHONY DESGOUTTES,
a.k.a. Tony Jamaican,
a.d.a. Tony Renard,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 21, 2006)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Renard Anthony Desgouttes appeals his 57-month sentence imposed after

pleading guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326 (a) and (b)(2). After review, we affirm Desgouttes's sentence.

## I. BACKGROUND

Prior to this case, Desgouttes, a Jamaican national, had a state felony conviction. Specifically, in May 2001, Desgouttes was convicted in New York state court of attempted criminal possession of a knife, a third degree felony. Following his conviction, Desgouttes was deported in January 2004.

On or about April 5, 2005, Desgouttes was found in the United States. A one-count indictment charged Desgouttes with being an alien found in the United States without permission after having been previously been deported from the United States, in violation of 8 U.S.C. §§ 1326(a)[1] and (b)(2). While the indictment did not set forth a prior conviction, the indictment did refer to § 1326(b)(2), which provides that, if the alien's previous removal was "subsequent to a conviction for commission of an aggravated felony," the alien is subject to a maximum of twenty years' imprisonment. See 8 U.S.C. § 1326(b)(2).

At his plea hearing, the government set forth the factual basis for

---

[1]Section 1326(a) provides that "[s]ubject to subsection (b)," any alien who illegally reenters the United States subsequent to a previous deportation is subject to a maximum penalty of two years' imprisonment. 8 U.S.C. § 1326(a).

Desgouttes's plea, including that Desgouttes was deported after a prior aggravated

felony for attempted possession of a knife, as follows:

> If this case had proceeded to trial, the United States would prove beyond a reasonable doubt that on or about January 10th, 2004, the defendant, Renard Anthony Desgouttes, a citizen of Jamaica was deported from the United States.
>
> The defendant was deported following his conviction for an aggravated felony. Specifically on or about May 17, 2001, by the County Court of the State of New York, County of Orange, under indictment number 506-2000 for attempted possession of a knife, a third degree felony pursuant to New York Penal Code, section 265.01/02.

Desgouttes agreed that the government's summary of the facts was accurate and

did not enter any objections. Desgouttes did not dispute that his knife conviction

was an aggravated felony for purposes of § 1326(b)(2). See 8 U.S.C. §

1101(a)(43)(F). The district court also advised Desgouttes that he faced a

maximum penalty of 20 years' imprisonment, and Desgouttes agreed.

Accordingly, the district court accepted Desgouttes's guilty plea.

The presentence investigation report ("PSI") set Desgouttes's base offense

level at 8. See U.S.S.G. § 2L1.2. However, the PSI recommended that

Desgouttes's offense level be enhanced sixteen levels, pursuant to U.S.S.G. §

2L1.2(b)(1)(A)(ii), due to his deportation after a felony conviction that was a crime

of violence. The PSI noted that Desgouttes was arrested in 2000 for attempted

criminal possession of a weapon in the third degree, that he later was convicted in

3

2001 upon a plea of guilty, and that the state court sentenced him to one and a half to three years' imprisonment.

Prior to and during his sentencing, Desgouttes did not dispute the existence of his prior felony conviction for attempted criminal possession of a knife or that it was a crime of violence.  Nor did he dispute the factual accuracy of the PSI. Rather, Desgouttes objected on Fifth and Sixth Amendment grounds to the use of his prior felony conviction to enhance his sentence.  Specifically, Desgouttes argued that the mere citation to § 1326(b)(2) in the indictment did not give him notice of the nature of the offense and that he could not be sentenced above the statutory maximum sentence of two years pursuant to § 1326(a).  According to Desgouttes, although the Supreme Court held in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), that the fact of a prior conviction does not need to be alleged in an indictment nor proven to a jury beyond a reasonable doubt, Almendarez-Torres should be overruled in light of the Supreme Court's recent decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005).  The district court overruled Desgouttes's objection, adopted the PSI's calculations and sentenced Desgouttes to 57 months' imprisonment.

4

Desgouttes timely appealed.

## II. DISCUSSION

On appeal, Desgouttes argues that his Fifth and Sixth Amendment rights were violated because his prior felony conviction was not charged in the indictment nor proven to a jury beyond a reasonable doubt.[2]  Desgouttes candidly acknowledges that we have "declined to reconsider the holding of Almendarez-Torres in light of Apprendi, Blakely and Booker."  See, e.g., United States v. Cantellano, 430 F.3d 1142, 1147 (11th Cir. 2005).  Nonetheless, Desgouttes contends that, "a majority of the Supreme Court no longer subscribes to the holding of Almendarez-Torres" and argues that we are required to heed supervening pronouncements by the Supreme Court to the extent there is any inconsistency.  As we have repeatedly explained post-Shepard, we are bound to follow Almendarez-Torres until it is explicitly overruled by the Supreme Court.  See e.g., United States v. Greer, ___ F.3d ___, 2006 WL 435662, at *5-9 (11th Cir. Feb. 24, 2006) (reversing district court's ruling that Almendarez-Torres was no longer good law following Booker and explaining that "[t]he problem with lower courts basing decisions on predictions that the Supreme Court will overturn one of its own decisions is that the Supreme Court has repeatedly told us not to do it.  We take

---

[2]Because Desgouttes timely raised his Booker objection in the district court, we review his Booker claim de novo.  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

5

that admonition seriously." (citations omitted)); <u>United States v. Gibson</u>, 434 F.3d 1234, 1246 (11th Cir. 2006) (explaining that "[i]t is not given to us to overrule the decisions of the Supreme Court," and adhering to <u>Almendarez-Torres</u>).

Furthermore, the district court did not resolve any disputed facts related to Desgouttes's prior felony conviction at sentencing. Desgouttes admitted during his plea hearing that he has a prior felony conviction for attempted criminal possession of a knife. At sentencing, Desgouttes did not dispute the portions of the PSI listing his prior felony conviction and relying on it to enhance his offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii). <u>See, e.g.</u>, <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005) (explaining that there is no <u>Booker</u> error where the defendant's sentence was enhanced based on facts admitted by the defendant during his plea colloquy and to which the defendant did not object in the PSI at sentencing); <u>United States v. Burge</u>, 407 F.3d 1183, 1191 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 551 (2005) (concluding that there was no <u>Booker</u> error because the defendant admitted facts used to enhance his sentence by abandoning objections to the factual statements in his PSI).

For these reasons, the district court did not err by enhancing Desgouttes's sentence based on his prior conviction. Accordingly, we affirm Desgouttes's sentence.

**AFFIRMED.**

6