[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15792
Non-Argument Calendar

_____

D. C. Docket No. 05-80091-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERVICK MCCLENDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2006)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Bervick McClendon appeals his conviction following a jury trial for

possession with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a), and his sentence enhancement based on two prior convictions for crimes of violence, pursuant to 21 U.S.C. § 851 and U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1(a), resulting in a life sentence. On appeal, McClendon argues that the district court erred in finding that exigent circumstances justified the warrantless entry into his motel room when there was no suspicious activity observed by the police or any indication that he was aware of police activity. McClendon also argues that according to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the district court violated his Fifth and Sixth Amendment rights by relying on the fact of two prior convictions to enhance his sentence when neither conviction was alleged in the indictment or proven to a jury beyond a reasonable doubt.

At the suppression hearing, the Government adduced the following. Elitsa Fernandez, a housekeeper at the motel in which McClendon was staying, entered McClendon's room and detected a "great deal of heat," and saw that the smoke detector was covered with a towel. She noticed that stove burners were turned on, and she turned them off. On top of the counter she saw a big glass jar with some liquid inside, and on the table she saw what she described as little white pieces or

stones that looked something like cereal. As she left, McClendon accosted and repeatedly asked her about what she had seen in the room. He grabbed her arm and threatened her. In response, she quickly left. McClendon followed her to the motel office.

McClendon told the front desk worker that he was going to stay another day and that he did not want his room cleaned. He then looked threateningly at Fernandez. With the help of another, Fernandez, who did not speak English, told her manager what had occurred. The manager then called the police and told them that she suspected drug activity. When the police arrived, they spoke with both the manager and Fernandez and surmised that McClendon was cooking crack cocaine. One of the officers recognized McClendon's name as someone with a long history of drug dealing. The officers then knocked on McClendon's door and eventually kicked it in after McClendon had partially opened and attempted to reclose the door. They noticed a pungent odor, possibly cocaine, and found marijuana, cocaine, and crack cocaine.

"We apply a mixed standard of review to the denial of a defendant's motion to suppress, reviewing the district court's findings of fact for clear error and its application of law to those facts *de novo*." *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir.), *cert. denied*, __ U.S. __, 126 S. Ct. 732, 163 L. Ed. 2d 576

3

(2005).  Moreover, "all facts are construed in the light most favorable to the prevailing party below."  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).

The Fourth Amendment provides that: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. Const. amend. IV.  Warrantless searches and seizures inside a person's home are presumptively unreasonable.  *United States v. Burgos*, 720 F.2d 1520, 1525 (11th Cir. 1983).  However, a warrantless search or seizure may be justified where both probable cause and exigent circumstances exist.  *Id.*  Exigent circumstances exist where the delay in obtaining a warrant must yield to the urgent need for immediate action.  *Id.* at 1526.

Narcotics cases present a compelling need for the exigent circumstances doctrine because "contraband and records can be easily and quickly destroyed while a search is progressing."  *United States v. Young*, 909 F.2d 442, 446 (11th Cir. 1990).  "In determining whether agents reasonably feared imminent destruction of the evidence, the appropriate inquiry is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured."  *Id.* (quoting *United States v. Rivera*, 825 F.2d 152, 156 (7th Cir. 1987)).

4

Circumstances are not normally considered exigent, however, where the suspects are unaware of police surveillance or where the police officers create the exigent circumstances. *United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir. 1991) (en banc).

Here, the record shows that McClendon feared that Fernandez would report his drug activity to an authority. Although McClendon was not aware of the police activity, he knew that Fernandez was frightened, had gone straight to the motel front office after their encounter, and would probably notify an authority of what she had seen. McClendon argues that his renewal of the room for another day shows that he would not destroy or remove evidence of a crime. However, his renewal of the room does not overcome the weight of the other evidence. The officers had knowledge of McClendon's past drug activity, and, reflecting on the foregoing facts, reasonably believed that McClendon would destroy the drug evidence in an attempt to avoid detection. *See Tobin*, 923 F.2d at 1511.

Furthermore, the exigent circumstances were not created by the officers' knock on McClendon's motel room door; the exigent circumstances were created by McClendon's actions toward Fernandez. McClendon knew that Fernandez had entered his motel room where drug activity was in plain view. His threat to Fernandez led to her belief that something illegal was afoot in the room.

McClendon was well aware that Fernandez saw the evidence of illegal activity in his room, was frightened of his response, and would probably report his activity after she fled his presence. Thus, the record shows that exigent circumstances justified the warrantless entry and that those circumstances were not created by the officers. Accordingly, we affirm the district court in denying McClendon's motion to suppress.

McClendon timely objected that his sentence was unconstitutionally enhanced based on prior convictions that were not alleged in the indictment and not proven to a jury beyond a reasonable doubt, which violated his Fifth and Sixth Amendment rights under *Blakely* and *Apprendi*. The fact and nature of McClendon's two prior convictions were made known in the PSI. In addition, at sentencing, the Government introduced expert testimony and evidence that the two convictions were, in fact, attributed to McClendon.

We have reiterated on numerous occasions that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), continues to control cases concerning enhancements based on prior convictions. *See, e.g., United States v. Gibson*, 434 F.3d 1234, 1246 (11th Cir. 2006) ("[T]he government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for

purposes of enhancing a sentence."); *United States v. Cantellano*, 430 F.3d 1142, 1147 (11th Cir. 2005) (per curiam) ("The fact of a prior conviction clearly may be found by the district court."), *cert. denied*, __ U.S. __, 126 S. Ct. 1604, __ L. Ed. 2d __ (2006); *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir.), *cert. denied*, __ U.S. __, 126 S. Ct. 223, __ L. Ed. 2d __ (2005) (explaining that the Sixth Amendment is not implicated when a defendant's sentence is enhanced based on a prior conviction).  McClendon's claim is without merit.

Accordingly, we affirm both McClendon's conviction and sentence.

**AFFIRMED**