[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10869

_____

D. C. Docket No. 03-80091-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK KNIGHTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 2, 2006)**

Before PRYOR, FAY and REAVLEY,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Thomas M. Reavley, United States Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

Patrick Knighton appeals his convictions for bank robbery and conspiracy to commit bank robbery and his sentences. Knighton challenges the sufficiency of the evidence as to one count of the indictment, an evidentiary ruling, a refusal to give a jury instruction, and three decisions related to sentencing. We affirm.

## I. BACKGROUND

In 2003, Knighton was arrested and indicted on charges arising from bank robberies committed in Greenacres, Riviera Beach, and Boynton Beach, Florida on November 19, 2002, December 13, 2002, December 31, 2002, and June 19, 2003. Knighton pleaded not guilty and proceeded to trial.

As to the count that Knighton challenges regarding sufficiency, the government presented evidence that on June 19, 2003, Peter Bueza, a bank employee for Bank of America, opened the drive-in teller building and was walking to the main bank when he was attacked by a man in a zip-up garage suit with a towel over his face. The perpetrator threatened Bueza and dragged him back to the drive-in teller building where another man joined him. The two robbers then stole approximately $22,000. Bueza reported that the man who first attacked him was approximately 5'10" to 5' 11" in height and weighed approximately 170 to 180 pounds. Both perpetrators punched Bueza in the face or jaw, and Bueza suffered a fractured jaw. During the robbery, Bueza heard a beep,

2

like the sound from a Nextel phone. Bueza also activated the silent alarm.

FBI Agent Ruiz de Gamboa responded to the alarm and recovered a cell phone in the area of the assault. No fingerprints were recovered, but the cell phone was registered to Knighton. In addition, a two-door, white Toyota Camry with gold rims, similar to a car that Knighton drove, was observed near the scene of the robbery.

As part of its case in chief, the government also presented evidence, under Federal Rule of Evidence 404(b), of admissions made by Knighton to coconspirators regarding an earlier robbery of a Wachovia bank on March 12, 2002, for which Knighton was not charged. Teresa Heller, a Wachovia teller who was present during the robbery, testified to the fact and manner of the robbery.

In his defense, Knighton presented the testimonies of two of his girlfriends that he had lost his cell phone before the date of the robbery and that he was in bed with one of the women during the robbery. Knighton also presented the testimony of another girlfriend that, although she owned a white vehicle similar to the one seen at the robbery and Knighton used the car on occasion, he did not have access to the vehicle when the robbery occurred.

At the close of the evidence, Knighton requested that the district court give the following jury instruction on the reasonable doubt standard:

If the evidence gives equal or nearly equal circumstantial support to competing explanations for an element of a charge, one consistent with the Government's theory of guilt, but the other an equally plausible innocent reason for the same facts as offered by the defense, then you must necessarily entertain a reasonable doubt as to the truth of an element of the charge, and therefore, find the defendant not guilty.

The government objected, and the district court declined to give the instruction.

Knighton was convicted on all seven counts. At sentencing, the district court sentenced Knighton to 360 months of imprisonment with three years of supervised release. Knighton was ordered to pay a special assessment of $700 and restitution in the amount of $78,950.42.

## II.  STANDARD OF REVIEW

This appeal involves multiple standards of review. Whether sufficient evidence was presented at trial to support Knighton's conviction is a question of law subject to de novo review. United States v. Diaz, 248 F.3d 1065, 1084 (11th Cir. 2001). "The evidence is viewed in the light most favorable to the government and all reasonable inferences and credibility choices are made in the government's favor." Id. "We review the district court's decisions on the admissibility of evidence of uncharged misconduct under Rule 404(b) for abuse of discretion." United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001). "We review the district court's failure to provide additional jury instructions for abuse of

4

discretion." United States v. Miles, 290 F.3d 1341, 1354 (11th Cir. 2002). The Court reviews questions of law arising under the Sentencing Guidelines de novo and findings of fact for clear error. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

## IV. DISCUSSION

Knighton raises six arguments on appeal. First, Knighton argues that the evidence is not sufficient to support his conviction for the June 19, 2003, robbery. Second, Knighton argues that it was an abuse of discretion for the district court to allow the Rule 404(b) testimony of Teresa Heller regarding the uncharged robbery of the Wachovia bank. Third, Knighton argues that the district court abused its discretion when it refused to give his proposed jury instruction. Fourth, Knighton argues that the district court improperly calculated his sentencing range. Fifth, Knighton argues that the district court erroneously calculated the amount of the loss. Sixth, Knighton argues that the district court erroneously denied him the right to confront witnesses at the sentencing hearing. We address each argument in turn.

*A. The Evidence Is Sufficient to Support the Verdict.*

Knighton argues that the evidence was not sufficient to sustain a conviction for the June 19, 2003, robbery because the evidence established only that "the robbery was committed by an individual who is taller and thinner than Mr.

Knighton. And, that a white Camry which is similar to the one driven by Mr. Knighton's girlfriend may have been spotted at the robbery." Knighton argues that the discovery of his cell phone at the scene of the robbery is immaterial because one witness testified that, before the robbery, Knighton told her his cell phone had been lost or stolen, and another witness testified that, at the time of the robbery, Knighton was in bed asleep with her. These arguments fail.

The evidence established that a cell phone registered to Knighton was found at the crime scene and that a vehicle similar to a vehicle registered to Knighton was seen at or fleeing the crime scene. Evidence was also presented that the perpetrators used a two-way communication device during the robbery, which was the same manner of communication used by Knighton during the other robberies. The jury was entitled to disbelieve both the evidence presented by Knighton that he had lost his cell phone and the testimony of Knighton's girlfriend that he was with her during the robbery.

### B. The 404(b) Evidence was Properly Admitted.

Knighton next argues that the district court erred when it admitted the testimony of Teresa Heller regarding an uncharged robbery of a Wachovia Bank for two reasons. Knighton argues that the government gave insufficient notice of its intent to offer the evidence and that the probative value of the evidence was

outweighed by its undue prejudice. These arguments fail.

When the government intends to introduce Rule 404(b) evidence, that evidence is admissible for limited purposes "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The notice of the government, provided to Knighton five months before trial, stated that the government intended to introduce "evidence and testimony" with respect to "Statements by Knighton that he robbed the Wachovia Bank . . . at 3700 Broadway, Riviera Beach, Florida." The notice of the government informed Knighton of its intent to offer evidence regarding the Wachovia Bank robbery and gave a description of the robbery, including the amount of money stolen. This notice was adequate that the testimony of Heller might be presented. Rule 404(b) requires notice of the "general nature" of the evidence, not a proffer of what will be presented a trial.

The testimony of Heller, which described the Wachovia Bank robbery, was properly admitted as relevant and not unduly prejudicial. Two coconspirators of Knighton's testified that Knighton had admitted to them that he robbed the Wachovia Bank. Because Knighton robbed the same bank several months later, a crime for which he was being tried, the testimony of Heller regarding the

7

commission of the earlier robbery was probative of Knighton's knowledge of the bank, his intent to rob the bank, and his modus operandi when robbing banks. The district court did not abuse its discretion in admitting this evidence.

*C. The District Court Correctly Refused to Give the Requested Instruction.*

Knighton argues that the district court erroneously refused to give the jury instruction that Knighton requested. This argument fails. "We will reverse a trial judge's refusal of a requested instruction only if the rejected instruction was substantively correct; the actual charge to the jury did not substantially cover the proposed instruction, and the failure to give it substantially impaired the defendant's ability to present an effective defense." United States v. Orr, 825 F.2d 1537, 1542 (11th Cir. 1987).

Knighton's proposed jury instruction was akin to a "reasonable hypothesis" instruction, or an instruction on the proposition that the proof must be "inconsistent with every reasonable hypothesis of innocence." United States v. Johnson, 713 F.2d 633, 653 (11th Cir. 1983). The instruction was confusing and unnecessary when the jury, as here, was properly instructed regarding reasonable doubt. See id. (quoting United States v. Stokes, 471 F.2d 1318, 1321 (5th Cir. 1973) (citing Holland v. United States, 348 U.S. 121, 137, 75 S. Ct. 127, 140 (1954))). The district court did not abuse its discretion when it refused to give Knighton's

proposed instruction.

### D. The Sentencing Range Was Properly Calculated.

Knighton argues that his sentence violated Blakely and Apprendi because the district court imposed enhancements that were not found by a jury. This argument is frivolous. The district court understood that the guidelines were advisory. See United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). There was no error.

### E. The District Court Correctly Calculated the Loss.

Knighton complains that the district court did not properly determine the amount of the loss and the restitution owed. Knighton argues that the amount of restitution was based on the pre-sentence investigation report only and that the district court erroneously failed to hold a hearing as required by section 3664(d)(5) of Title 18. These arguments fail.

Because Knighton failed to object to the calculations in the pre-sentence investigation report, the district court was entitled to rely on the undisputed facts in the report. United States v. Hedges, 175 F.3d 1312, 1315 (11th Cir. 1999) ("Hedges did not object to the statements in the PSI on which the district court relied. Thus, these statements were undisputed, and the court was permitted to rely on them despite the absence of supporting evidence."). The district court correctly

calculated the loss based on that report. In addition, section 3664(d)(5) requires a hearing "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing." 18 U.S.C. § 3664(d)(5). The district court was not required to hold a hearing because the losses were ascertainable and listed in the pre-sentence report before the hearing.

*F. Knighton Did not Have a Right to Confront Witnesses at Sentencing.*

Finally, Knighton asserts that the district court violated his right to confront the witnesses against him at sentencing. This argument is foreclosed by our precedent. "The right to confrontation is not a sentencing right." United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005).

## IV. CONCLUSION

Knighton's convictions and sentences are

**AFFIRMED.**