[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2005
THOMAS  K. KAHN
CLERK

_____

No. 05-11143
Non-Argument Calendar

_____

D. C. Docket No. 04-00170-CR-ORL-31KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EFRAIN IBARRA CANTELLANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 15, 2005)**

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal raises four issues, the first three of which are issues of first

impression in this Circuit: (1) whether, under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), a warrant of deportation is testimonial evidence subject to confrontation at trial; (2) whether, under Crawford, a defendant has a right to confrontation at sentencing; (3) whether, under Shepard v. United States, — U.S. —, 125 S. Ct. 1254 (2005), a sentencing court may use documents other than court records to identify a defendant with a conviction; and (4) whether a sentencing court may use prior convictions to enhance a sentence, where the prior convictions were neither charged in the indictment nor proved to the jury. Jose Efrain Ibarra Cantellano was convicted of illegal reentry of a deported alien, and based on his prior conviction of an aggravated felony, he was sentenced to 100 months of imprisonment under section 1326(b)(2) of Title 8 of the U.S. Code. Cantellano challenges both his conviction and sentence. We affirm.

## I. BACKGROUND

A federal grand jury charged Cantellano with one count of illegal reentry of a deported alien. 8 U.S.C. § 1326(a), (b)(2). At trial, an immigration enforcement agent testified that Cantellano was a Mexican citizen who, after having been deported from this country, reentered the United States without the requisite permission. To prove that Cantellano actually left the country when he was deported, the government offered a warrant of deportation that showed Cantellano

2

left the United States at Hidalgo, Texas, on September 11, 2003. The immigration enforcement agent who laid the foundation for admission of the warrant admitted that he did not complete, sign, or witness the completion or signing of the warrant. The same official also admitted he did not receive the warrant until he requested Cantellano's immigration records nearly one year after the warrant was completed.

Cantellano objected to admission of the warrant. Cantellano argued that the immigration enforcement agent who testified at trial was not the custodian of record because he had no knowledge of the warrant until long after the warrant was completed. Cantellano also argued that his right to confrontation under the Sixth Amendment was violated because, although the warrant included testimonial evidence as to an essential element of the crime with which Cantellano was charged, Cantellano had no opportunity to cross-examine the person who witnessed Cantellano leave the country. The district court overruled Cantellano's objection and admitted the warrant of deportation. The jury convicted Cantellano.

The government prepared a presentence investigation report to which Cantellano raised several objections. Cantellano objected to the use of prior convictions to enhance his sentence on the ground that the government had not proved the prior convictions at trial. Cantellano also objected to use of the prior convictions on the ground that the government had not linked Cantellano to the

3

prior convictions.

In response to his second objection, the government attempted to link Cantellano to the prior convictions by introducing various documents, including an application for a replacement alien registration card or a replacement green card; an application for an alien registration card; and copies of multiple conviction records from California state courts. The government also sought to introduce a copy of the warrant of deportation from an earlier deportation of Cantellano; a copy of a warning issued to an alien deported; an abstract of a judgment and commitment from a Los Angeles County superior court for assault with great bodily injury; a certified copy of the docket from a Los Angeles County municipal court regarding a conviction for reporting a crime fraudulently; a certified copy of the docket from a Los Angeles municipal court regarding a conviction for vandalism; a warrant of deportation; and a copy of a fingerprint card.

Cantellano objected to this evidence on the grounds that the documents contained discrepancies of names, signatures, and addresses; the immigration enforcement agent who testified at sentencing did not know whether the documents were accurate; and the agent did not witness Cantellano sign the documents. Cantellano also objected that the documents contained inadmissible hearsay and that admission of the documents would violate his right to confrontation. The

4

district court overruled Cantellano's objections and sentenced him to 100 months of imprisonment and three years of supervised release.

## II. STANDARD OF REVIEW

We review de novo the scope of constitutional rights. United States v. Mills, 138 F.3d 928, 937 (11th Cir. 1998). We review de novo the application by the district court of law to facts. United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000). We review de novo constitutional challenges to a sentence. United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir. 2005).

## III. DISCUSSION

Our discussion of this appeal is divided into four parts. First, we address Cantellano's argument that admission of the warrant of deportation violated his right to confrontation under Crawford. Second, we address Cantellano's argument that consideration of hearsay evidence at sentencing violated his right to confrontation under Crawford. Third, we address Cantellano's argument that Shepard restricts a sentencing court from considering sources other than court records to identify a defendant with prior convictions. Fourth, we address Cantellano's argument that the use of prior convictions that were neither charged in the indictment nor proved to a jury violated his right to a jury trial under the Sixth Amendment. We reject each argument.

5

*A. The Warrant of Deportation Was Not Testimonial.*

The Sixth Amendment to the United States Constitution says, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In <u>Crawford v. Washington</u>, the Supreme Court explained that the founding generation understood the right to confrontation in the light of the common-law tradition of "live testimony in court subject to adversarial testing." 541 U.S. at 43, 124 S. Ct. at 1359. The common-law tradition of confronting one's accusers in court recognized that ex parte testimony raised issues of justice and fairness. Because testimony is accusatory and delivered in contemplation of criminal proceedings, it is adversarial. An accused, therefore, should have the opportunity to confront adverse witnesses face-to-face. <u>See generally</u> <u>id.</u> at 43-45, 124 S. Ct. at 1359-1360.

Cantellano argues that, under the Confrontation Clause of the Sixth Amendment as construed in <u>Crawford</u>, he had the right to confront the government agent who witnessed Cantellano leave the country and recorded the warrant of deportation admitted over his objection at trial. To resolve this issue, we must address whether a warrant of deportation is testimonial or non-testimonial. Whether a warrant of deportation is testimonial evidence is a question of first impression in this Circuit.

6

Testimonial evidence is not admissible without confrontation unless the testifier is unavailable and the defendant has had an opportunity for cross-examination. Id. at 68, 124 S. Ct. at 1374. In contrast, non-testimonial evidence is not subject to confrontation. Id. Although the Court in Crawford declined to give a comprehensive definition of "testimonial" evidence, id., non-testimonial evidence fails to raise the same concerns as testimonial evidence. Because non-testimonial evidence is not prepared in the shadow of criminal proceedings, it lacks the accusatory character of testimony. Non-testimonial evidence is not inherently adversarial.

We are persuaded that a warrant of deportation does not implicate adversarial concerns in the same way or to the same degree as testimonial evidence. A warrant of deportation is recorded routinely and not in preparation for a criminal trial. It records facts about where, when, and how a deportee left the country. Because a warrant of deportation does not raise the concerns regarding testimonial evidence stated in Crawford, we conclude that a warrant of deportation is non-testimonial and therefore is not subject to confrontation.

Two other circuit courts have reached the same conclusion about immigration records. See United States v. Bahena-Cardenas, 411 F.3d 1067 (9th Cir. 2005); United States v. Rueda-Rivera, 396 F.3d 678 (5th Cir. 2005). In

7

Bahena-Cardenas, the Ninth Circuit held that a warrant of deportation was non-testimonial "because it was not made in anticipation of litigation, and because it is simply a routine, objective, cataloging of an unambiguous factual matter." 411 F.3d at 1075. Similarly, the Fifth Circuit likened a Certificate of Nonexistence of Record to a business record and held that the record was by its nature non-testimonial. Rueda-Rivera, 396 F.3d at 680.

We relied on a similar rationale in an analogous pre-Crawford decision regarding a hearsay objection. United States v. Agustino-Hernandez, 14 F.3d 42 (11th Cir. 1994); accord United States v. Lopez-Moreno, No. 04-30633, slip op. —, at 12 (5th Cir. Aug. 8, 2005). In Agustino-Hernandez, we held that immigration records, including a warrant of deportation, were admissible as public records because they were "routinely and mechanically kept" and "were prepared long before the alleged offense." Agustino-Hernandez, 14 F.3d at 43. The same reasoning applies in this case. Because the warrant of deportation was non-testimonial, its admission did not violate Cantellano's right to confrontation.

B. *Crawford Does Not Extend to Non-capital Sentencing.*

Cantellano next argues that the admission of hearsay and documentary evidence at his sentencing hearing to prove his prior convictions violated his right to confrontation. Whether the right to confrontation extends to sentencing is an

8

issue of first impression for this Court, although we have recognized a right to cross-examination in the context of capital sentencing. Proffitt v. Wainwright, 685 F.2d 1227, 1254-55 (11th Cir. 1982). We also have held recently that the admission of hearsay testimony at a sentencing hearing "cannot be plain error." United States v. Quan Chau, No. 05-10640, — F.3d —, 2005 WL 2347210 (11th Cir. Sep. 27, 2005). Cantellano's argument fails.

The Supreme Court, in distinguishing pre-trial rights, explicitly has said that "the right to confrontation is a trial right," Pennsylvania v. Ritchie, 480 U.S. 39, 52, 107 S. Ct. 989, 999 (1987), and we repeatedly have concluded that a district court may use reliable hearsay at sentencing. See United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001); see also United States v. Wilson, 183 F.3d 1291, 1301 (11th Cir. 1999); United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990). Nothing in Crawford requires a different result.

Our sister circuits have reached the same conclusion. The First Circuit explicitly has said "Crawford does not apply to sentencing," United States v. Monteiro, 417 F.3d 208, 215 (1st Cir. 2005), and the Second Circuit has stated Crawford provides no basis to reconsider Supreme Court precedent establishing the permissibility "of out-of-court statements at sentencing." United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005). The Fifth, Sixth, Seventh, Eighth, and

9

Tenth Circuits also have recognized that the right to confrontation does not apply to sentencing. See United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999); United States v. Kirby, 418 F.3d 621, 627-28 (6th Cir. 2005); Szabo v. Walls, 313 F.3d 392, 398 (7th Cir. 2002); United States v. Fleck, 413 F.3d 883, 894 (8th Cir. 2005); United States v. Powell, 973 F.2d 885, 893 (10th Cir. 1992).

Crawford dealt with trial rights and we see no reason to extend Crawford to sentencing proceedings. The right to confrontation is not a sentencing right. The sentencing court did not err, under Crawford, when it considered hearsay evidence to prove Cantellano's prior convictions.

### C. *Shepard Does Not Bar Evidence at Sentencing Regarding the Fact of Prior Convictions.*

Cantellano next argues that the district court erred when it used presentence reports and fingerprint records to link him to California state court documents that established the previous felonies used to enhance his sentence. In Cantellano's words, the district court "went beyond the facts laid out in the charging documents and court minutes . . . . [and] used presentence reports to find connections between those documents and the fingerprints from the Department of Corrections . . . to find that Mr. Cantellano was the person convicted in each case." Cantellano contends that "[t]he United States Supreme Court has just recently found unconstitutional that method of fact finding" in Shepard v. United States, — U.S.

10

—, 125 S. Ct. 1254 (2005). Cantellano argues that, under <u>Shepard</u>, the sentencing court was restricted from considering the presentence reports and fingerprint records because they were neither presented to a jury nor found by a court in proceedings underlying the prior convictions. Cantellano's argument fails for two reasons.

First, <u>Shepard</u> was not a constitutional decision. <u>Shepard</u> decided an issue of statutory interpretation. The issue in <u>Shepard</u> was whether the Armed Career Criminal Act permitted a sentencing court to consider police reports and complaint applications to establish that prior convictions for burglary were violent felonies. <u>Id.</u> at —, 125 S. Ct. at 1257. In <u>Taylor v. United States</u>, 495 U.S. 575, 110 S. Ct. 2143 (1990), the Court had held that "the ACCA generally prohibits the later court from delving into particular facts disclosed by the record of conviction" to determine the character of a prior conviction for the purpose of enhancing a sentence under the ACCA. <u>Shepard</u>, — U.S. at —, 125 S. Ct. at 1257-1258. In <u>Shepard</u>, the Court held that the rule in <u>Taylor</u> applies to convictions on pleas, as well as to convictions on jury verdicts. <u>Id.</u> at —, 125 S. Ct. at 1258, 1259.

Second, even under Cantellano's reading of <u>Shepard</u>, his argument fails because the district court at sentencing made a finding about the fact of Cantellano's prior convictions, not the character of his convictions. <u>Shepard</u> and

11

Taylor restrict only the sources a sentencing court may consider to determine the character of a prior conviction as a violent felony under the ACCA. The fact of a prior conviction clearly may be found by the district court. See Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998).

*D. The District Court Correctly Enhanced Cantellano's Sentence Based on His Prior Convictions.*

Cantellano argues that his right to trial by jury was violated when the district court enhanced his sentence using prior felony convictions that were neither charged in the indictment nor proved to a jury. Cantellano's argument fails. In Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

Cantellano erroneously argues that Almendarez-Torres has been called into question by United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005), Blakely v. Washington, 524 U.S. —, 125 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). We have repeatedly rejected this argument and reasoned that the conclusion in Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker." Shelton, 400 F.3d at 1329; accord United States

12

v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005); United States v. Burge, 407 F.3d 1183, 1188 (11th Cir. 2005); see also United States v. Marseille, 377 F.3d 1249, 1257, 1257 n.14 (11th Cir. 2004), cert. denied — U.S. —, 125 S. Ct. 637 (2004).  "[A] district court does not err by relying on prior convictions to enhance a defendant's sentence."  Shelton, 400 F.3d at 1329.

## IV. CONCLUSION

We affirm both Cantellano's conviction and sentence.

**AFFIRMED.**