# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 4, 2006 Session

## STATE OF TENNESSEE v. JONATHAN WESLEY STEPHENSON

**Automatic Appeal from the Court of Criminal Appeals**
**Criminal Court for Cocke County**
**Nos. 5012 and 5040     Ben W. Hooper II, Judge**

----

**No. E2003-01091-SC-DDT-DD - Filed on June 2, 2006**

----

ADOLPHO A. BIRCH, JR., J., concurring in part and dissenting in part.

While I concur in part with the conclusion of the majority affirming Stephenson's convictions, I respectfully dissent from that portion of the majority's opinion concluding that the Sixth Amendment right to confrontation of witnesses and the state constitutional right to confront witnesses "face-to-face" does not apply to capital sentencing hearings. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Similarly, Article I, section 9 of the Tennessee Constitution provides "[t]hat in all criminal prosecutions, the accused hath the right . . . to meet the witnesses face to face . . . ." It is disingenuous to argue that the sentencing phase of a capital murder case–tried before a jury–is not a critical part of a "criminal prosecution" covered by these provisions.[1]

I acknowledge that the United States Supreme Court has never expressly held that the right to confrontation applies during capital sentencing proceedings. The majority relies on decisions by lower federal courts, which hold–generally–that the right to confrontation does not apply at sentencing, to support the proposition that the Confrontation Clause does not apply during capital sentencing proceedings. I note, however, that of all the cases cited to bolster this proposition, only one–Szabo v. Walls[2]–was a capital case. Furthermore, Szabo was a federal habeas corpus case wherein the primary question was whether the issue of ineffective assistance of counsel had been

----

[1] For instance, no one would seriously contend that the Sixth Amendment right to counsel does not apply during capital sentencing proceedings. See Strickland v. Washington, 466 U.S. 668, 686-87 (1984) (There is no distinction between the right to counsel at the guilt phase and the right to counsel during the capital sentencing proceeding.).

[2] 313 F.3d 392 (7th Cir. 2002).

procedurally defaulted. Accordingly, the language cited for the proposition that the Confrontation Clause does not apply to a capital sentencing proceeding is arguably dicta, since the Confrontation Clause issue previously had been held procedurally waived. See Szabo, 313 F.3d at 398-99.[3]

In my view, the better-reasoned cases addressing this issue hold that while the Rules of Evidence may not strictly apply during sentencing, the fundamental constitutional rights to due process and confrontation do apply. See Gardner v. Florida, 430 U.S. 349, 362 (1977) (concluding that a petitioner is denied due process of law when a death sentence is imposed on the basis of information that he had no opportunity to deny or explain); State v. Reid, 164 S.W.3d 286, 319 (Tenn. 2005) (explaining that the standards for admission of evidence set forth in Tennessee Code Annotated section 39-13-204(c) nevertheless "allow trial courts to exclude evidence that may violate the constitutional guarantees of due process or confrontation"). See also Perez v. State, 919 So.2d 347, 368-69 (Fla. 2005) (recognizing that at a capital sentencing hearing, under Crawford v. Washington,[4] out-of-court statements by witnesses that are testimonial in nature are barred under the Confrontation Clause, unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine them); Way v. State, 760 So. 2d 903, 917 (Fla. 2000) (holding that "the confrontation clause applies to sentencing proceedings"); State v. Nobles, 584 S.E.2d 765, 769 (N.C. 2003) ( holding that the state failed to present evidence of good-faith efforts to produce the victim of a prior rape offense at the capital sentencing proceeding, thus barring admission of that victim's prior testimony to establish the aggravating circumstance, stating, "while the Rules of Evidence do not apply at sentencing, the right to confront witnesses does"); Littlejohn v. State, 85 P.3d 287, 296-97 (Okla. Crim. App. 2004) (construing the re-sentencing statute, pre-Crawford, which permits the admission of evidence and testimony from a prior trial during a re-sentencing hearing, to incorporate the Ohio v. Roberts[5] confrontation safeguards–unavailability, and adequate indicia of reliability); State v. Carter, 888 P.2d 629, 642 (Utah 1995) (construing the capital sentencing statute's provision, pre-Crawford, which permitted the admission of exhibits and testimony from a prior trial during re-sentencing, as implicating the defendant's right to confrontation unless there was a showing of unavailability of the witness and indicia of reliability under Roberts).

Crawford v. Washington, 541 U.S. 36, fundamentally changed the Confrontation Clause jurisprudence that had developed subsequent to Roberts, 448 U.S. 56. Under Crawford, testimonial statements from witnesses absent from trial should be admitted only when the declarant is unavailable and the defendant had a prior opportunity to cross-examine those witnesses. 541 U.S.

---

[3]Several federal circuit cases seem to recognize that it is simply unclear whether the Confrontation Clause applies to capital sentencing proceedings. See, e.g., United States v. Higgs, 353 F.3d 281, 324 (4th Cir. 2003) ("[I]t even now remains unclear whether the Confrontation Clause applies [to capital sentencing proceedings.]"); see also United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005) (specifying that the Confrontation Clause protections under Crawford do not extend to *non*-capital sentencing). One recent Fourth Circuit case has recognized that the right to confrontation "appl[ies] equally to sentencing proceedings *tried to a jury*." Robinson v. Polk, 438 F.3d 350, 359 (4th Cir. 2006) (emphasis added).

[4]541 U.S. 36 (2004).

[5]448 U.S. 56 (1980).

at 67. Specifically, the Supreme Court held that "[w]here testimonial evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Id.

I believe that Crawford establishes the guidelines for Confrontation Clause analysis, and that the Confrontation Clause applies to capital sentencing proceedings. Applying Crawford, it is clear under the facts of this case that the statements admitted from Brewer and Litz were testimonial in nature, as they were read from the transcript of the previous trial. The majority focuses on the fact that the defendant had the opportunity to cross-examine these witnesses at the guilt phase of his trial. This ignores the fact that there is no evidence that the State made efforts to procure their testimony, or that they were unavailable to testify at this re-sentencing hearing as required under Crawford. Id. I find it significant that the testimony of these men went directly to the critical issue in the case, to wit: whether the defendant had employed co-defendant Ralph Thompson to commit the murder for remuneration or the promise of remuneration. Accordingly, I would find that without a showing of unavailability, it was error to admit their prior testimony.

Additionally, I do not agree with the imposition of the death penalty in this case because I continue to believe that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty. See State v. Reid, 164 S.W.3d at 323-325 (Birch, J., concurring and dissenting), and cases cited therein. For the foregoing reasons, I respectfully dissent from majority opinion affirming the imposition of the death penalty.

_____
ADOLPHO A. BIRCH, JR.