[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16252
Non-Argument Calendar

_____

D. C. Docket No. 03-80029-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 16, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

A Southern District of Florida grand jury indicted Rodney Taylor, a

convicted felon, for possession of a .25 caliber semi-automatic pistol from December 28, 2002 through February 21, 2003, (Count 1), and possession of .25 caliber ammunition (Count 2), both counts in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Government thereafter filed a notice of intent to rely on the penalty enhancement contained in 18 U.S.C. § 924(e)(1), citing three second degree felonies: robbery convictions dated July 13, 2001, and April 2, 2002, and a drug conviction dated July 13, 2001.

A jury found Taylor guilty as charged, and the court, after finding (on the basis of evidence adduced at the sentencing hearing) that Taylor had murdered Hermanth Rao on February 1, 2003 using the Count 1 pistol, sentenced Taylor to life imprisonment on Count 1.[1] After we vacated the life sentence and remanded the case for resentencing in conformance with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court held a new sentencing hearing. Without objection, the court adopted the record of the previous sentencing hearing – including its finding that Taylor had murdered Rao on February 1, 2003 – and gave Taylor an opportunity to present additional evidence. Then, after the evidentiary record closed, the court afforded him his right of allocution.

---

[1] The court properly treated the Count 2 conviction as having merged into the Count 1 conviction.

The court sentenced Taylor to prison for life. It did so after consulting the Guidelines, treating them as advisory, and considering the sentencing factors set out in 18 U.S.C. § 3553(a), all as required by Booker. Taylor now appeals his sentence.

The presentence report ("PSI"), prepared pursuant to the 2003 Guidelines Manual, applied U.S.S.G. § 2K2.1, the guideline applicable to § 922(g) offenses. That guideline provides that if the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, and if death resulted, the court must apply "the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above." U.S.S.G. § 2K2.1(c)(1)(B) (Cross Reference). The guideline for homicide fixes the base offense level for first degree murder at 43. See U.S.S.G. § 2A1.1(a). Taylor was an armed career criminal, but because the offense level prescribed by § 2A1.1(a), 43, was greater than the level prescribed for armed career criminals, the offense level remained at 43. Taylor used the Count 1 firearm in connection with a crime of violence – he murdered Hermanth Rao on February 1, 2003 – so his criminal history increased to category VI, pursuant to U.S.S.G. § 4B1.4(c)(2). Total offense level 43, coupled with category VI, yielded an imprisonment range of life.

3

In his brief, Taylor contends that the Due Process Clause precluded the court from considering his murder of Rao under U.S.S.G. § 2A1.1(a) because the indictment did not charge him with murder. The law-of-the-case doctrine forecloses this contention. In vacating Taylor's previous sentence, we instructed the court to comply with Booker's dictates. Booker instructs that the sentencing court consult the Guidelines, and, as Taylor must concede, the district court did just that. As a fall-back argument, Taylor says that due process precluded the court from making its murder finding by a preponderance of the evidence. Our cases foreclose this argument. See e,g,, United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, ___ U.S. ____, 126 S.Ct. 432 (2005). Taylor next challenges the court's use of hearsay in finding that Taylor murdered Rao, citing Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004). Crawford does not apply to hearsay evidence offered at sentencing hearings. United States v. Castellano, 430 F.3d 1142, 1146 (11th Cir. 2005) (admission of hearsay and documentary evidence at defendant's sentencing hearing to prove his prior convictions did not violate the Sixth Amendment).

Taylor's final argument is one that he did not present to the district court; hence, we review it for plain error. The argument is that the court improperly increased Taylor's criminal history category on the basis of the Rao murder. We

4

find no error, much less plain error, in the court's use of that evidence in assessing the defendant's potential for recidivism, i.e., the service performed by the criminal history category.

Taylor's sentence is

AFFIRMED.