[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16655
Non-Argument Calendar

_____

D. C. Docket No. 04-00055-CR-1-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE TAFOLLA BUENROSTRO,
a.k.a. Jorge Tafolla,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 10, 2007)

Before BARKETT, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Buenrostro appeals his 240-month sentence, imposed after resentencing, for illegal methamphetamine distribution, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 851. On appeal, he argues, among other things, that: (1) the district court violated his Sixth Amendment confrontation rights by relying on a stipulation of fact[1] in finding the methamphetamine's purity level; (2) the district court plainly erred at resentencing by failing to find that the drug purity level used at resentencing was foreseeable; and (3) the district court plainly erred at resentencing by failing to calculate his sentencing range.

The relevant facts are as follows: Jorge Tafollow Buenrostro was indicted for, among other things, distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 851. The indictment also alleged that Buenrostro had been convicted in Texas in 2000 of cocaine possession, a crime punishable by imprisonment for more than one year, and it gave notice that the government was seeking an enhancement under 18 U.S.C. § 851 with respect to the methamphetamine charge.

---

[1] We reject Buenrostro's argument that the stipulation was not a concession as to the methamphetamine's purity level but rather was an agreement to what a forensic chemist would testify if called at his trial. The unambiguous language of the stipulation contradicts this claim. We also reject Buenrostro's argument that the court plainly erred in failing to allow him to withdraw the stipulation, since it is reasonable to conclude that he actually knew at the time that he was stipulating to the purity level of the drugs, and that he intended to do so, given the unambiguous language of the stipulation and that he was represented by counsel throughout the criminal proceedings below.

At trial, the parties stipulated that the methamphetamine mixture weighed 443.6 grams, and that it "had a 24 percent purity level such that the amount of pure methamphetamine [was] . . . 106.8 grams." The government did not present any additional evidence or testimony during trial regarding the purity level of the drug mixture, nor did it call the DEA forensic chemist who tested the mixture to testify.

The jury ultimately returned guilty verdicts on the methamphetamine distribution charge, and, in a special verdict form, found that Buenrostro distributed 443.6 grams of a mixture containing a detectable amount of methamphetamine – the amount of drugs contained in the stipulation of fact. However, the special verdict form did not ask the jury to determine, and the jury did not determine, the purity level of the drug mixture.

After sentencing, Buenrostro appealed all of his convictions, including for methamphetamine distribution, and the government cross-appealed only his sentence for this one count. We ultimately affirmed Buenrostro's convictions, but vacated his sentence for methamphetamine distribution and remanded the case for resentencing. We concluded that the district court clearly erred in finding that it did not have the authority to find by a preponderance of the evidence the amount of actual methamphetamine for which Buenrostro was responsible. See United States v. Buenrostro, No. 05-15259 (11th Cir. 2006) (unpublished).

3

At resentencing, the district court again considered the amount of actual methamphetamine for which Buenrostro should be held accountable, and found, by a preponderance of the evidence, that he was responsible for 443.6 grams of a methamphetamine mixture, but one with a 24% purity level – as stated in the stipulation of fact. Accordingly, the district court determined that Buenrostro was responsible for 106.8 grams of pure methamphetamine.

Without expressly identifying Buenrostro's sentencing range, the district court sentenced Buenrostro to 20-years' (or 240-months) imprisonment on the methamphetamine distribution count, explaining that this was "the minimum mandatory sentence it must impose" pursuant to 18 U.S.C. § 841(b)(1)(A).

The court explained that it had considered the factors outlined in 18 U.S.C. § 3553(a) in resentencing Buenrostro, and it explicitly mentioned the need to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendants; as well as the nature and circumstances of the offense and the history and characteristics of Buenrostro. Buenrostro timely appealed. We affirm.

First, The district court did not violate Buenrostro's Sixth Amendment confrontation rights by relying on the stipulation to determine the purity level of

the methamphetamine mixture, rather than requiring the government to call the DEA forensic chemist who analyzed the mixture as the right to confrontation does not exist in non-capital sentencing hearings. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005), cert. denied, 126 S.Ct. 1604 (Mar. 20, 2006).

Second, we also conclude that the district court did not plainly err in failing to make a foreseeability finding as to the purity level of the methamphetamine mixture. The district court held Buenrostro accountable only for the methamphetamine, and the purity thereof, for which he was directly involved – it did not consider any potentially relevant conduct or drug amounts stemming from "jointly undertaken criminal activity." Thus, the district court did not err, much less plainly err, in this regard. See U.S.S.G. § 1B1.3(a); id. at cmt. n.2.

Finally, we conclude that, even assuming arugendo that the district court erred in failing to identify expressly Buenrostro's sentencing range during resentencing, it did not plainly err in this regard, because the error did not affect his substantial rights. See United States v. Underwood, 446 F.3d 1340, 1343 (11th Cir.), cert. denied, 127 S.Ct. 225 (Oct. 2, 2006) (citation omitted). As noted above, the district court properly relied on the trial stipulation to find by a preponderance of the evidence that Buenrostro was responsible for 446.3 grams of a methamphetamine mixture with a 24% purity level, or 106.8 grams of pure

5

methamphetamine. Based on these findings, Buenrostro's base offense level would have been 32. See U.S.S.G. § 2D1.1(c)(4).

With an adjusted offense level of 32 and a criminal history category of II, Buenrostro's sentencing range ordinarily would have been 135-168 months incarceration. This range normally would exceed the 10-year statutory minimum sentence on the methamphetamine distribution count, but because Buenrostro was a convicted drug felon, the 10-year statutory minimum had to be doubled to 20 years, which did exceed the applicable range. See 21 U.S.C. §§ 841(b)(1)(A), 851. For this reason, the 20-year statutory minimum became the sentencing range pursuant to U.S.S.G. § 5G1.1(b), and so Buenrostro's 20-year sentence was the lowest possible sentence that the district court could impose. Moreover, the district court explained that it had considered the § 3553(a) factors in imposing Buenrostro's sentence, and did not indicate that Buenrostro was entitled to a downward variance.

In light of this, Buenrostro cannot show that there is a reasonable probability that he would have received a lower sentence had the district court expressly identified his sentencing range. Therefore, his substantial rights were not affected by the court's error, if any, See Underwood, 446 F.3d at 1343.

**AFFIRMED.**[2]

---

[2] We also reject Buenrostro's final argument that the district court violated his Sixth Amendment right to a jury by finding facts at sentencing under a preponderance of the evidence standard, in light of the Supreme Court's recent decision of Cunningham v. California, 549 U.S.__, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). The district court here was expressly permitted to do this under McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), since Buenrostro's imposed sentence fell below the statutory maximum of life imprisonment. Moreover, because Cunningham did not expressly overrule McMillan, and we are forbidden from finding that Cunningham implicitly overruled that decision, McMillan remains good law. See Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 1921-22, 104 L.Ed.2d 526 (1989) (explaining that if a Supreme Court precedent "has direct application in a case . . . the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions").