[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2008
THOMAS K. KAHN
CLERK

No. 07-15823
Non-Argument Calendar

_____

D. C. Docket Nos. 00-08100-CR-KLR & 04-80010-TP-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRIAN ANTON GEATHERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 24, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Derrian Geathers appeals the revocation of his supervised release. Geathers alleges the district court erred in admitting testimonial hearsay evidence at his revocation hearing, because the admission of these statements violated his right to cross-examine adverse witnesses. According to Geathers, the admission of an expert's statements at his revocation hearing violated *Crawford v. Washington*,[1] because the statements were testimonial, there was no evidence that the expert was unavailable, and he had no prior opportunity to cross-examine the expert.

We review a district court's evidentiary decisions, as well as the revocation of supervised release, for abuse of discretion. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001) (evidentiary decisions); *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994) (revocation of supervised release). We review *de novo* the scope of a defendant's constitutional rights. *United States v. Cantellano,* 430 F.3d 1142, 1144 (11th Cir. 2005).

*Crawford* defines protections guaranteed by the Confrontation Clause of the Sixth Amendment, including the right to confront adverse witnesses. *Crawford ,* 124 S. Ct. at 1357. An individual's Sixth Amendment right to confront adverse witnesses is guaranteed only in "criminal prosecutions." *Id.*, U.S. Const. amend. VI. The Supreme Court has held that a parole revocation hearing does not

---

[1]*Crawford v. Washington*, 124 S. Ct. 1354 (2004).

constitute a "criminal prosecution," and this Court has found "no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release." *Morrissey v. Brewer*, 92 S. Ct. 2593, 2600 (1972); *Frazier*, 26 F.3d at 113-14.

No authority extends the Sixth Amendment right to confront adverse witnesses to supervised release revocation proceedings, and we have held the Federal Rules of Evidence do not apply in such proceedings. *Frazier*, 26 F.3d at 114. Despite this, we have recognized revocation of supervised release proceedings are subject to certain minimal due process requirements. *Id.* In *Frazier*, we held that "among these minimal [due process] requirements is the right to confront and cross-examine adverse witnesses." *Id.* (citing *Morrissey*, 92 S. Ct. at 2604); *see also* Fed. R. Crim. P. 32.1(b)(2)(C) (stating before supervised release is revoked, "[t]he person is entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear"). The right to cross examine adverse witnesses at a revocation of supervised release hearing is not absolute; rather, "in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* Additionally, the hearsay statement must be

reliable. *Id.* However, where the properly considered evidence is sufficient to support the district court's conclusion, any error is harmless. *Id.*

Geathers's reliance on *Crawford* is misplaced, because that holding interprets rights guaranteed by the Sixth Amendment, which has not been interpreted to apply to supervised release revocation proceedings. However, the district court erred by not applying the balancing test required by *Frazier* and Federal Rule of Criminal Procedure 32.1(b)(2)(C) to ensure the admission of the hearsay testimony would not violate Geathers' due process rights. Although the district court erred, the error was harmless, because the properly considered evidence overwhelmingly demonstrated Geathers possessed counterfeit payment instruments. The district court specifically relied on circumstantial evidence in addition to the hearsay testimony to determine Geathers violated the terms of his supervised release. Additionally, the district court stressed the significance of the circumstantial evidence, namely, the possession of "phony identifications," in establishing the checks were counterfeit. Thus, in the absence of the hearsay testimony, there was still sufficient evidence to find by a preponderance of the evidence Geathers possessed counterfeit payment instruments.

**AFFIRMED.**