[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14803
Non-Argument Calendar
_____

D. C. Docket No. 07-00036-CR-2-RDP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AL EUGENE MORTON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 3, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Al Eugene Morton, Jr., owned and operated Taxx Enterprises, a commercial

tax return preparer that participated in a Refund Anticipated Loan ("RAL")

program with Bank One.  Morton enlisted individuals with valid social security numbers who had not already filed their tax returns.  He created false tax returns on their behalf.  Morton used the false returns to secure RAL checks from Bank One, which were payable to the taxpayer and from which Taxx Enterprises received a fee.  He also enlisted recruiters, who received a commission for bringing individuals into the scheme.  Morton, the recruiter, and the taxpayer would split the RAL proceeds check issued to the taxpayer.

Morton was convicted of (1) conspiracy to make and present false claims to the Internal Revenue Service, 18 U.S.C. §§ 287 and 2, and to commit bank fraud, 18 U.S.C. §§ 1344 and 2, 18 U.S.C. §§ 371 and 2 (Count 1); (2) aiding and abetting falsely made and presented claims to the IRS, 18 U.S.C. §§ 287 and 2 (Counts 2-9 and 11-16); and (3) aiding and abetting bank fraud, 18 U.S.C. §§ 1344 and 2, (Counts 17-23 and 25-30).  He now appeals the sentences[1] imposed for those convictions.  After reviewing the record and the parties' briefs, we affirm.

## I.

We first address Morton's Confrontation Clause argument pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  Morton argues that his right to confront his accusers was violated when the district

---

[1]The district court sentenced Morton to 60 months incarceration as to Counts 1-9 and 11-16, and 72 months as to counts 17-23 and 25-30.  The court ordered that the sentences run concurrently.

court applied the guidelines enhancements. He claims that the false tax returns about which the government presented testimony amounted only to $143,943.00 in loss. Accordingly, he argues that he should have received a ten-level enhancement, U.S. SENTENCING GUIDELINES MANUAL § 2B1.1(b)(1)(F) (2007), not a fourteen-level enhancement based on an amount of loss in excess of $400,000.00, § 2B1.1(b)(1)(H). He argues that the inclusion of additional amounts violated his right to confront and cross-examine his accusers.

*Crawford*, however, does not apply to non-capital sentencing proceedings because "the right to confrontation is not a sentencing right." *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005) (per curiam). To the extent that Morton argues that the enhancement of his guidelines offense level based on facts that were not proven at trial violated the Confrontation Clause, this argument also fails because the district court applied the guidelines in an advisory manner. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) ("After *Booker*,[2] district courts may still impose fact-based sentencing enhancements under an advisory guidelines system without violating the Sixth Amendment."). Thus, Morton's Confrontation Clause claim lacks merit.

**II.**

---

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

3

Morton raises additional arguments that the district court miscalculated his base offense level. First, he argues that the district court erroneously applied a two-level enhancement to his guidelines offense level for use of a specialized skill, U.S. SENTENCING GUIDELINES MANUAL § 3B1.3 (2007), because the program used to commit the offenses was already in place when Morton joined Taxx Enterprises, and he had no additional specialized training. Second, he argues that he should not have received a four-level enhancement for organizing or leading criminal activity involving five or more participants, § 3B1.1(a), because he exercised control only over individuals who either were not charged or did not testify at trial.

"This Court reviews a District Court's interpretation of the Sentencing Guidelines *de novo*, and its factual findings for clear error." *United States v. Vance,* 494 F.3d 985, 994 (11th Cir. 2007). Even "[a]fter . . . *Booker* and *Gall*,[3] the district courts are still required to correctly calculate the advisory Guidelines range." *United States v. Livesay*, 525 F.3d 1081, 1089 (11th Cir. 2008). "[W]hen a district court applies the guidelines in an advisory manner, nothing in [*Booker*] prohibits the district court from imposing guidelines enhancements based on facts found by the judge by a preponderance of the evidence." *United States v. Douglas*, 489 F.3d 1117, 1129 (11th Cir. 2007) (per curiam) (citations omitted), *cert. denied*,

---

[3] *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

___ U.S. ___, 128 S. Ct. 1875, 170 L. Ed. 2d 752 (2008).

Moreover, "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (citation and quotation marks omitted).  Thus, we have affirmed a defendant's sentence without addressing the defendant's argument that the district court miscalculated the amount of loss for purposes of the § 2B1.1(b) enhancement where the district court stated that it would have imposed the same sentence regardless of such calculations.  *See, e.g.*, *United States v. Tampas*, 493 F.3d 1291, 1305 (11th Cir. 2007) ("[W]here the district court would have imposed the same sentence regardless of the Guidelines' recommendations on the amount of loss, any error in its loss calculation is harmless.").

Here, Morton challenges the district court's guidelines range calculation.  The district court stated that it would have imposed the same sentences regardless of how those guidelines issues had been resolved.  The court recognized that the guidelines were advisory, stated that the sentences complied with the § 3553(a) factors, and sentenced Morton within the applicable statutory range.  Accordingly, any error in the district court's guidelines calculations was harmless.

**AFFIRMED.**