[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16830
Non-Argument Calendar

_____

D. C. Docket No. 08-60162-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTIS O'BRIEN FEARON,
a.k.a. Brien Fearon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2009)

Before DUBINA, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Otis Fearon appeals his 41-month sentence for illegally reentering

the United States after deportation as a convicted felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Fearon argues that the 16-level increase to his offense level, added for his prior felony convictions under U.S.S.G. § 2L1.1(b)(1)(A), violates his Fifth and Sixth Amendment rights that any aggravating sentencing fact be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

We review *de novo* constitutional challenges to a sentence. *United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005).

In *Almendarez-Torres*, 523 U.S. 224, 226-227, 118 S. Ct. 1219, 1222, 140 L. Ed. 2d 350 (1998), the Supreme Court held that prior convictions need not be charged in the present indictment to support sentence enhancements. We held, in *United States v. Thomas*, 242 F.3d 1028 (11th Cir. 2001), that we are "bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *Id.* at 1035.

Based on binding precedent from the Supreme Court and our court, we conclude that the district court did not err in imposing the enhancement. Accordingly, we affirm Fearon's sentence.

**AFFIRMED.**