[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17098
Non-Argument Calendar

_____

D. C. Docket No. 08-60150-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Gibson appeals his 188-month sentence, imposed after he pled

guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Gibson had 3 prior felony convictions, which enhanced the statutory mandatory minimum to 15 years' imprisonment, pursuant to 18 U.S.C. § 924(e)(1). Gibson argues that his Fifth and Sixth Amendment rights were violated when the district court applied the enhanced penalty because the prior convictions on which the enhancement was based were neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

We review de novo a constitutional challenge to a sentence. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005). Pursuant to § 924(e)(1), any person who commits the offense of being a felon in possession of a firearm and has 3 prior convictions for a violent felony or a serious drug offense shall be imprisoned not less than 15 years. 18 U.S.C. § 924(e)(1).

A district court does not err by relying on prior convictions to enhance a defendant's sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). In Almendarez-Torres v. United States, 523 U.S. 224, 244-46, 118 S.Ct. 1219, 1231-32, 140 L.Ed.2d 350 (1998), the Supreme Court held that prior convictions could be considered and used to enhance a defendant's sentence without having been alleged in the indictment or proven beyond a reasonable doubt. Subsequent decisions, namely Apprendi v. New Jersey, 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), have not disturbed the holding of Almendarez-Torres. See Shelton, 400 F.3d at 1329. "Although recent decisions, including Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres. As a result, we must follow Almendarez-Torres." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005).

Gibson's argument that his prior felonies must be alleged in the indictment or found by a jury is contrary to binding precedent. The district court did not err when it enhanced Gibson's sentence based on his prior convictions, even though they were not alleged in the indictment or proven to a jury. Because the decision in Almendarez-Torres remains good law, the district court did not err, and we affirm.

**AFFIRMED.**[1]

---

[1] Gibson's request for oral argument is denied.