[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11436
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00539-RAL-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIANO VELASQUEZ-DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2010)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Mariano Velasquez-Diaz appeals his sentence of imprisonment for 30

months for one count of conspiring to transport illegal aliens for financial gain, 8

U.S.C. §§ 1324(a)(1)(A)(v)(I), (B)(1), two counts of transporting illegal aliens for financial gain, id. §§ 1324(a)(1)(A)(ii), (B)(i), and one count of entering the United States unlawfully, id. §§ 1325(a)(1), 1329. Velasquez-Diaz challenges the enhancement of his sentence for reckless endangerment, U.S. Sentencing Guidelines Manual § 2L1.1(b)(6) (2009), and the admission of hearsay evidence at his sentencing hearing. We affirm.

Velasquez-Diaz argues that the admission of hearsay violated his right of confrontation, but he acknowledges that his argument is foreclosed by our decision in United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005). We held in Cantellano that the right of confrontation does not extend to sentencing proceedings. Id. The district court did not err by admitting hearsay evidence during Velasquez-Diaz's sentencing proceeding.

Velasquez-Diaz also argues that the evidence did not support an enhancement for reckless endangerment, but we disagree. A district court may enhance a sentence by two levels if the defendant created, either intentionally or recklessly, a substantial risk of death or serious bodily injury to an alien whom he smuggled or transported. United States v. Caraballo, 595 F.3d 1214, 1230 (11th Cir. 2010). The district court found that Velasquez-Diaz endangered aliens who paid him to transport them from Arizona to Florida, and we may not disturb that

2

finding of fact unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1136 (11th Cir. 2004). The record establishes that Velasquez-Diaz instructed his cohorts to engage the child safety locks in vans to ensure that none of the illegal aliens escaped the vans without paying for their transportation, and those vans were overloaded to the extent that aliens were forced to sit in the floorboard and on unsecured objects in the cargo area. These conditions would have made it difficult for the illegal aliens to extricate themselves or avoid injury in the event of an accident. We cannot say that the district court clearly erred.

We **AFFIRM** Velasquez-Diaz's sentence.