[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12781
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00362-HLA-JRK-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN VILLANUEVA-OCHOA,
a.k.a. Ramiro Zacarias-Ochoa,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 7, 2011)

Before CARNES, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Juan Villanueva-Ochoa, a Mexican citizen, appeals his 46-month sentence

imposed after his conviction for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326. Villanueva-Ochoa had previously been deported following two convictions for domestic battery—one of which included punching the pregnant mother of his child in the stomach so hard that she suffered vaginal bleeding. The district court enhanced Villanueva-Ochoa's sentence under § 1326(b)(2) because he had been previously deported following an aggravated felony. Villanueva-Ochoa contends that the district court unconstitutionally erred when it enhanced his sentence because his prior felony conviction was not alleged in the indictment or admitted to during the plea hearing.

"We review de novo the constitutional challenges to a sentence." United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005). The Supreme Court held in Almendarez-Torres v. United States that "subsection [8 U.S.C. 1326(b)(2)] is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." 523 U.S. 224, 226–227, 118 S.Ct. 1219, 1222 (1998). Although Villanueva-Ochoa argues that the Supreme Court has cast doubt on its reasoning in Almendarez-Torres, that decision has not been overruled. See Apprendi v. New Jersey, 530 U.S. 466, 489, 120 S.Ct. 2348, 2362 (2000) ([I]t

is arguable that <u>Almendarez-Torres</u> was incorrectly decided"); <u>but see</u> <u>id.</u> at 490, 120 S.Ct. at 2362 ("<u>Apprendi</u> does not contest [<u>Almendarez-Torres</u>'] validity and we need not revisit it for purposes of our decision today"). "As we have said several times, unless and until the Supreme Court specifically overrules <u>Almendarez-Torres</u>, we will continue to follow it." <u>United States v. Greer</u>, 440 F.3d 1267, 1273 (11th Cir. 2006) (citing <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1316 n. 3 (11th Cir. 2005) ("[T]he Supreme Court has not explicitly overruled <u>Almendarez-Torres</u>. As a result, we must follow <u>Almendarez-Torres</u>."); <u>United States v. Guadamuz-Solis</u>, 232 F.3d 1363 (11th Cir.2000) ( "<u>Almendarez-Torres</u> remains the law until the Supreme Court determines that <u>Almendarez-Torres</u> is not controlling precedent.")).

**AFFIRMED.**