[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17766
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80098-DTKH-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER RONALD AIME,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 25, 2017)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Christopher Ronald Aime appeals the sentence imposed after he violated the conditions of his supervised release.  In this appeal, Aime argues that the district court denied him due process and Sixth Amendment confrontation rights by sentencing him based on conduct related to a charge that the government declined to pursue.   After careful review, and for the reasons below, we affirm.

## I.    BACKGROUND

Aime pled guilty to conspiracy to transport stolen motor vehicles in interstate and foreign commerce, in violation of 18 U.S.C. §§ 371 and 2312.  Aime completed his sentence of imprisonment in May 2016 and began a three-year term of supervised release.  As relevant here, his supervised release was conditioned on his refraining from violating the law; securing permission of his probation officer before leaving the judicial district; notifying his probation officer within 72 hours of being arrested or questioned by law enforcement; and answering truthfully all inquiries by the probation officer.  One month into his supervised release, Aime was arrested outside of his judicial district at an auto mall.  He had tools and latex gloves in his possession.

Aime's probation officer petitioned the district court for revocation of Aime's supervised release, alleging that Aime had committed two violations of the terms of his supervised release:  violating Florida law by giving an officer a false

2

name, loitering and prowling, and driving on a suspended license ("violation 1");

and leaving the judicial district without permission from his probation officer

("violation 2").

A magistrate judge conducted a revocation hearing at which Aime admitted

to violation 2 in whole and to violation 1 only in so far as he failed to refrain from

violating the law by giving a police officer a false name and driving on a

suspended license. Aime did not admit to loitering and prowling, but conceded

that he was arrested for that charge. Although the government prepared to present

evidence on the loitering and prowling charge, it did not pursue the charge because

Aime's admission to the other two charges within violation 1 sufficed to adjudicate

him in violation of his supervised release. Aime understood that the charges he

admitted constituted a violation of his conditions. The magistrate judge

recommended that his supervised release be revoked. The district court issued an

order following this recommendation and adjudicated Aime in violation of the

terms of his supervised release.

Before his sentencing hearing for violations 1 and 2, Aime's probation

officer filed a superseding petition alleging that Aime had committed three

additional violations of his supervised release, including: leaving the judicial

district without permission from his probation officer ("violation 3"); failing to

notify the probation officer within 72 hours of being questioned by law

enforcement ("violation 4"); and failing to answer truthfully all inquiries by the probation officer ("violation 5"). Aime denied the additional violations. The district court held a joint revocation and sentencing hearing. The hearing began as a revocation hearing, at which the government presented evidence on violations 3, 4, and 5. The court determined, based on a preponderance of the evidence, that Aime committed the additional violations and adjudged him again in violation of the conditions of his supervised release.

The district court then closed the revocation hearing and "moved into the sentencing part of the proceeding." Evidentiary Hrg. Trans., Doc. 144 at 55.[1] At sentencing, the government requested that Aime receive the statutory maximum sentence of two years' imprisonment. In making this request, the government relied on the facts pertaining to violation 1—that is, Aime's arrest in an auto mall car lot while in possession of tools and latex gloves. Aime objected to the government's use of these facts, asserting that the government had abandoned reliance on them in the initial revocation hearing. He argued that the facts of his location in a car lot and the items in his possession were directly related to the loitering and prowling charge the government declined to prove with evidence or witnesses.

---

[1] Citations to "Doc." refer to docket entries in the district court record in this case.

4

The government then requested an opportunity to present the evidence to the court regarding the facts and circumstances of Aime's arrest.  The district court noted that those facts were not in evidence and, over Aime's objection, permitted the government to present evidence of the location of his arrest and the items in his possession.  Although the district court characterized its acceptance of evidence as a "reopening" of the hearing, it clarified:  "This is not a probation violation hearing.  We have already had the hearing.  This is a sentencing."  Evidentiary Hrg. Trans., Doc. 144 at 79.   After hearing the evidence, the district court turned to the factors in 18 U.S.C. § 3553(a) and considered the circumstances of Aime's violations, his history and characteristics, and the concept of general deterrence.  The district court noted that although Aime's violations were technical, the circumstances of those violations indicated that he was preparing to steal a car, which was the conduct of his original conviction.  Based on these considerations, the court sentenced him to 15 months' imprisonment with 15 months' supervised release to follow.

## II.    DISCUSSION

On appeal, Aime argues he was denied due process and his Sixth Amendment right to confront witnesses because the government abandoned the loitering and prowling charge and then relied on the facts of that charge when arguing for revocation of his supervised release.  Essentially, Aime argues that the

5

government made a bait and switch by initially abandoning the charge and then convincing the district court to reopen evidence and consider the facts of Aime's arrest on that charge without giving him the chance to confront witnesses against him.  For the following reasons, we affirm the district court's sentence.

We review *de novo* challenges to the constitutionality of a defendant's sentence.  *United States v. Ghertler*, 605 F.3d 1256, 1268 (11th Cir. 2010). Although the Federal Rules of Evidence do not apply at a supervised release revocation hearing, a defendant is entitled to minimal due process protections such as the right to confront witnesses.  *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994).  A district court may revoke a term of supervised release and require a defendant serve a term of imprisonment if the court finds, based on a preponderance of the evidence, that the defendant violated the conditions of his supervised release.  18 U.S.C. § 3583(e).

The district court did not deny Aime his right to confront witnesses because Aime received that opportunity at the revocation hearing.  After both revocation hearings, Aime was found in violation of the terms of his supervised release.  Aime admitted to violations 1 and 2, and the district court found that he committed violations 3, 4, and 5 based on a preponderance of the evidence.  Although Aime did not admit to the loitering and prowling charge, he understood that the other two charges in violation sufficed to adjudicate him in violation of his supervised

6

release.  After finding Aime in violation of his supervised release, the district court moved into a sentencing hearing.  Aime argues that the district court erred by reopening the revocation hearing during the sentencing hearing to allow the government to present evidence on his loitering and prowling charge without affording Aime the opportunity to confront witnesses.  The district court was clear, however, that it had moved from the revocation proceedings to the sentencing proceedings.

The evidentiary rules at sentencing are different than those of other proceedings, *United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir. 2005), and the district court followed the proper sentencing rules in Aime's proceedings.  The right to confrontation is not available at sentencing.  *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005).  When determining an appropriate sentence, the district court considers the factors enumerated in § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to deter criminal conduct.  *See* 18 U.S.C. § 3553(a).  Sentencing courts may consider both uncharged and acquitted conduct at sentencing.  *United States v. Smith*, 741 F.3d 1211, 1227 (11th Cir. 2013) (internal quotation marks omitted).

We reject Aime's assertion of a bait and switch by the government.  The rules simply changed from the revocation hearing to the sentencing hearing.  Aime

7

maintains his right to due process during sentencing, but he does not maintain his right to confront witnesses.  Aime had been adjudicated in violation of his conditions of supervised release at the revocation hearing; thus, the evidence of the circumstances surrounding Aime's arrest presented at sentencing was only for the purpose of considering an appropriate sentence based on the prepatory nature of his violations.  Because the district court did not deny Aime his due process or confrontation rights by relying on the facts of his arrest when fashioning a sentence, we affirm.

## III.    CONCLUSION

For the foregoing reasons, we affirm the district court's imposition of a 15-month sentence followed by a 15-month term of supervised release.

**AFFIRMED.**

8