[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15123

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00264-CR-T-27EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 28, 2007)

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Mario Castillo appeals his 33-month sentence, imposed after he pled guilty to conspiracy to transport and persuade individuals to travel for the purpose of prostitution, in violation of 18 U.S.C. § 371. He raises three issues on appeal. First, he contends the district court erred in enhancing his sentence based on facts not found by a jury. Second, Castillo claims the district court erred in considering hearsay testimony in deciding to enhance his sentence. Finally, he asserts the district court erred in enhancing his sentence under U.S.S.G. § 2G1.1(d)(1) based on the number of victims in the conspiracy and § 3B1.1 based on Castillo's being a manager or supervisor in the criminal activity.

There is no dispute as to the basic facts of the case. Castillo was involved in a conspiracy which operated a number of prostitution houses in the Tampa, Orlando, and Polk County areas. Castillo's brother, Jose Rodriguez, managed at least two of the houses. For a period of time, Castillo lived in one of the houses, received money from patrons, distributed tokens which the patrons would then give to the prostitutes, and collected money from the prostitutes at the end of the day. Castillo also purchased supplies and transported prostitutes between the brothels.

Based on these facts, we conclude the district court did not err, as there was sufficient evidence in the record to support the sentencing enhancements. In

addition, enhancements based on judicial fact-finding in an advisory system are not unconstitutional. *See United States v. Pope,* 461 F.3d 1331, 1335 (11th Cir. 2006); *United States v. Talley*, 431 F.3d 784, 787 (11th Cir. 2005); *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1303 (11th Cir. 2005). Because the sentencing court operated within the advisory guidelines range, *Cunningham v. California* does not change this result. 127 S. Ct. 856 (2007). There, California's determinate sentencing scheme was held unconstitutional because it allowed the judge to exceed the statutory maximum. *Id.* at 860. Unlike *Cunningham*, Castillo's sentence did not exceed the statutory maximum.

Finally, as to Castillo's hearsay argument, the Confrontation Clause protections set forth in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), do not extend to sentencing hearings. *See United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1604 (2006); *United States v. Baker*, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1809 (2006). The court's consideration of hearsay testimony presents no due process problem either. A sentencing court may consider hearsay to enhance a defendant's sentence, "provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the

3

defendant has an opportunity to rebut the evidence." *Baker*, 432 F.3d at 1253. The hearsay statements bore sufficient indicia of reliability because the case agent's testimony was consistent with the facts Castillo admitted in his plea colloquy and corroborated by Castillo's testimony, the case agent's personal observations, audio and videotape, and physical evidence. The court found the case agent's testimony credible, and Castillo declined his opportunity to cross-examine the case agent. Accordingly, we affirm.

AFFIRMED.