[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14977
Non-Argument Calendar

_____

D. C. Docket No. 07-80077-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 6, 2009)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On March 7, 2008, appellant pled guilty to all three counts of an indictment,

which charged him in Count 1 with conspiracy to commit armed bank robbery of the Washington Mutual Bank in Lake Worth, Florida, in violation of 18 U.S.C. § 371, in Count 2 with armed robbery of the Washington Mutual Bank, in violation of 18U.S.C. § 2213(a) and (d), and in Count 3 with using, carrying, and brandishing a firearm during and in relation to the offenses alleged in Counts 1 and 2, in violation of 18 U.S.C. § 924(a)(1)(A)(i) and (ii). On August 25, 2008, the district court sentenced appellant on Counts 1 and 2 to concurrent prison terms of 60 and 96 months, respectively, and on Count 3 to a consecutive prison term of 84 months. Appellant now appeals his sentences.

Appellant argues that the district court, in determining his sentence range under the Guidelines, improperly considered as "relevant conduct" under U.S.S.G. § 1B1.3 three bank robberies he confessed that he previously committed but were never the subject of a formal charge. The court erred in doing this, he says, because those robberies were discrete, separate incidents that did not occur "during the commission of the offense of conviction" and were not part of a "common scheme or plan" within the meaning of § 1B1.3. Appellant also argues that these uncharged robberies were not appropriate bases under 18 U.S.C. § 3553(a) for the court's imposition of a variance from the Guidelines sentence range because the "relevant conduct" limitation imposed by § 1B1.3 on robberies also

2

limited the factors the court could consider in its § 3553(a) analysis. According to

appellant, one of the core purposes of § 3553(a), avoiding unwarranted sentencing

disparities, is served by excluding consideration of uncharged, non-relevant

conduct. Finally, he argues that the "mini trial" the court held at sentencing on

each of his prior, uncharged offenses violated his constitutional rights, because he

was not afforded a jury trial and the court, rather than a jury, made the final

decision of how much weight to afford his confession to the uncharged robberies.

We review de novo constitutional challenges to a sentence. United States v.

Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005). We also review de novo

"whether a factor considered by the district court in sentencing a defendant is

impermissible." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th

Cir. 2008).

After Booker[1], we established a two-step process for district courts to use in

sentencing: first, the district court must consult the Sentencing Guidelines and

correctly calculate the sentencing range; second, the district court must consider

the factors listed in 18 U.S.C. § 3553(a) in arriving at a reasonable sentence.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The § 3553(a) factors

include: (1) the nature and circumstances of the offense and the history and

---

[1]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3

characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7). "[A] sentence based on an improper factor fails to achieve the purposes of § 3553(a) and may be unreasonable[] regardless of length." United States v. Arevalo-Juarez, 464 F.3d 1246, 1249 (11th Cir. 2006).

Regarding the factors that may be considered in fashioning a reasonable sentence, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. After Booker, "courts may still consider relevant facts concerning a defendant's background, character, and conduct" when imposing a reasonable sentence. United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006) (internal quotation omitted) (holding that "18 U.S.C. § 3661 . . . remains

intact post-<u>Booker</u>"). With the foregoing principles in mind, we consider appellant's arguments.

First, the record shows that, contrary to appellant's argument, the district court did not consider the uncharged robberies under § 1B1.3 to determine the Guidelines sentence range; rather, the court considered the robberies under § 3553(a) in deciding to impose an upward variance. Second, § 1B1.3 did not limit the court's discretion to consider the robberies under §§ 3661 and 3553(a). Finally, nothing in the Constitution or Supreme Court precedent precluded the court from conducting the sentencing hearing as it did and finding that appellant committed the uncharged robberies.

Appellant's sentences are, accordingly,

AFFIRMED.