[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14969
Non-Argument Calendar
_____

D. C. Docket No. 2:10-cr-00061-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS DOMINGUEZ-DEVALLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 24, 2012)

Before HULL, MARTIN and EDMONDSON, Circuit Judges.

PER CURIAM:

Luis Dominguez-Devalle appeals his within guideline 84-month sentence

imposed after he pleaded guilty to illegal reentry into the United States following a

previous deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). No reversible error has been shown; we affirm.

On appeal, Dominguez-Devalle first argues that the sentencing court erred by considering unreliable hearsay information contained in the presentence investigation report ("PSI") -- that his diagnosis of an anti-social personality disorder made him more likely to engage in criminal activities -- in imposing the sentence.

"A sentencing court may consider any information, (including hearsay), regardless of its admissibility at trial, in determining whether facts exist that would enhance a defendant's sentence, provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010) (citation omitted). A defendant has a due process right, however, not to be sentenced based on unreliable information. Id. To prevail on a challenge to a sentence based on the consideration of such information, a defendant must show that (1) the challenged evidence was unreliable, and (2) the evidence actually served as the basis for the sentence. Id. The defendant bears the burden of showing that the court explicitly relied on the challenged information. Id.

In compiling the section titled "Mental and Emotional Health" in Dominguez-Devalle's PSI, the probation officer indicated that he had included information taken directly from a 2001 PSI, including that (in 1995) the United States District Court for the Northern District of Ohio had referred Dominguez-Devalle to a diagnostic center to undergo a competency evaluation in a bid to assess his competency to stand trial for a 1994 charge of illegal reentry after a previous deportation. The 1995 testing revealed that Dominguez-Devalle had "significant anti-social tendencies" and possessed the necessary criteria for an anti-social personality disorder diagnosis. The evaluator explained that people with anti-social tendencies "frequently engage in criminal activities" and "do not seem to learn from experience."

In his instant case, Dominguez-Devalle objected to the inclusion of information derived from the previous psychological evaluation because he had never received a copy of the report outlining the results of the evaluation. He further stated that he did not know the identity of the evaluator or the circumstances surrounding the compilation of the report.

At sentencing, the district court concluded that because nothing indicated that objections had been lodged against the 2001 PSI, the court would not strike

the information from the current PSI.  The district court subsequently adopted all the PSI's findings.

Here, the district court deemed the hearsay evidence about Dominguez-Devalle's mental health to be credible; and it is at least arguable that the evidence bears a sufficient indicia of reliability, given that the information was generated in a previous federal prosecution and included in a PSI.  In this case, Dominguez-Devalle was, however, never given an opportunity to rebut the evidence because he did not know the source of the information or the basis for the opinion beyond the conclusory statements included in his current PSI.[1]  We accept that he was unable to cross-examine the report's author or meaningfully to challenge the methodology.  See Ghertler, 605 F.3d at 1269.

Even though the PSI contained potentially unreliable hearsay testimony, we conclude that Dominguez-Devalle failed to demonstrate that the district court explicitly relied on the information about his mental health (as opposed to his physical health: a different point altogether) in reaching the sentence.  See id.  The

---

[1] To the extent that Dominguez-Devalle contends that he was denied his Sixth Amendment right to confrontation with respect to the challenged information, we have maintained -- post Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) -- that "[t]he right to confrontation is not a sentencing right."  United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005).  Dominguez-Devalle presumably had the opportunity -- regardless of whether taken -- to confront the author of the contested information when the evaluation was conducted in 1995 during the course of the prior criminal proceedings.

4

psychological diagnosis was not mentioned as a cause for the sentence selected by the district court. At sentencing, the district court highlighted Dominguez-Devalle's extensive criminal history: he had been deported on three separate prior occasions and illegally returned to the United States after each deportation. Moreover, his criminal history consisted of additional crimes committed while he was illegally in the United States. As a result, the court reasoned that the sentence imposed should be greater than the 46-month and 57-month sentences Dominguez-Devalle had received for the prior illegal reentry violations. Given the circumstances, Dominguez-Devalle failed to establish that the district court either relied on the challenged evidence or that the challenged evidence actually served as the basis for the sentence. See Ghertler, 605 F.3d at 1269.

Dominguez-Devalle maintains that, because the district court is not required to state explicitly all of its reasons for imposing a sentence, it is impossible to demonstrate how significantly the objected-to-evidence weighed in the court's conclusion. His argument is without merit. Our precedent makes clear that Dominguez-Devalle bears the burden of showing that the district court explicitly relied on the contested information; he has failed to meet this burden.

Dominguez-Devalle also argues that his sentence was substantively unreasonable based on an improper weighing of the 18 U.S.C. § 3553(a) factors.

5

He asserts that the district court placed undue stress on his 1992 conviction for drug trafficking and did not properly consider potential mitigating factors, including his ties in the United States and his deteriorating health.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed. 445 (2007). The party challenging the reasonableness of a sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[2]

We conclude that Dominguez-Devalle's 84-month sentence -- which fell within the applicable guidelines range -- was substantively reasonable. See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The sentence was well below the statutory maximum of 20 years' imprisonment. See 8 U.S.C. § 1326(b)(2); United States v. Winingear, 422 F.3d

---

[2] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

1241, 1246 (11th Cir. 2005) (comparing, as one indicator of reasonableness, the actual prison term imposed against the statutory maximum).

Dominguez-Devalle's argument that the sentencing court did not properly weigh the relevant section 3553(a) factors plainly is belied by the record.  The court noted his extensive criminal history over a 35-year period, including drug related offenses and two prior felony convictions for illegal reentry after previous deportation.  The court also explained that it would be unreasonable for Dominguez-Devalle now to expect a lower sentence than either of his previous sentences for illegal reentry.  Although he asserts that the court failed to weigh properly various mitigating factors -- such as his health issues and his ties to the United States -- the weight to be given a particular factor is left to the sound discretion of the district court, absent a clear error of judgment.  See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Given Dominguez-Devalle's extensive criminal history, his propensity for recidivism, and the need to deter him from further criminal conduct, for the district court to impose this sentence within the guidelines range was reasonable.  We cannot say that the sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

sentences dictated by the facts of the case." See id. at 1203.  Dominguez-Devalle

has not carried his burden of showing that his sentence is unreasonable.

AFFIRMED.