[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10845
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00132-WKW-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO ANTONIO PANTALEON-AVILES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 6, 2019)


Before JILL PRYOR, TJOFLAT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Defendant Pablo Pantaleon-Aviles appeals his conviction and his above-guidelines 300-day sentence for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a).  No reversible error has been shown; we affirm.


I.


To obtain a conviction for illegal re-entry by an alien, the government must prove beyond a reasonable doubt that the defendant (1) is an alien, (2) had been deported previously, (3) was found in the United States voluntarily, and (4) had no permission to re-enter.  See 8 U.S.C. § 1326(a).  That Defendant -- a native and citizen of Mexico -- is an alien who was found in the United States without having sought or received permission to re-enter is undisputed.  The chief issue at trial was whether Defendant had in fact been removed physically from the United States after Defendant was ordered removed in 2002.

At trial, the government introduced into evidence documents from Defendant's Alien File, including a Form I-205 Warrant of Removal/Deportation dated April 2002 ("2002 Warrant").  The 2002 Warrant identified Defendant as the person to be removed from the United States and was signed by two officials with

2

the former United States Immigration and Naturalization Service ("INS"). One INS official purported to have witnessed Defendant's actual physical departure from El Paso, Texas to Mexico on 11 April 2002; the other INS official "verified" Defendant's departure.

At trial, a deportation officer with the United States Immigration and Customs Enforcement ("ICE") testified that a warrant of removal must be completed by an officer who witnesses personally the person leave the United States and, thus, serves as confirmation that the person was in fact removed from the country. The testifying ICE officer, however, did not witness personally Defendant's departure from the United States in 2002.

On appeal, Defendant first contends that the introduction of the 2002 Warrant violated his Sixth Amendment right to confrontation. We reject this argument as foreclosed by this Court's binding precedent. See United States v. Cantellano, 430 F.3d 1142, 1145-46 (11th Cir. 2005) (concluding that a warrant of deportation is non-testimonial and, thus, is not subject to confrontation under the Sixth Amendment).

Defendant next challenges the sufficiency of the evidence proving that Defendant was actually removed physically from the United States in 2002. We review de novo the sufficiency of evidence to support a conviction. United States v. Dixon, 901 F.3d 1322, 1335 (11th Cir. 2018). In determining the sufficiency of

3

the evidence, we "view the evidence in the light most favorable to the government and draw all reasonable inferences and credibility choices in favor of the jury's verdict." Id.  We cannot overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013).

Viewing the evidence in the light most favorable to the government and making all reasonable inferences in favor of the jury verdict, the government proved beyond a reasonable doubt that Defendant was removed previously from the United States.  Based on the evidence presented at trial -- including the 2002 Warrant and the ICE officer's testimony -- the jury could have determined reasonably that Defendant in fact left the United States and entered Mexico on 11 April 2002.  This evidence was thus sufficient to permit the jury to conclude that Defendant was guilty beyond a reasonable doubt of illegal re-entry.

II.

Defendant next contends that the district court abused its discretion in admitting evidence of Defendant's 17 prior voluntary returns to Mexico between 1995 and 2001: all of which occurred before Defendant was ordered removed in

4

April 2002.  Defendant contends the introduction of this evidence was cumulative and unduly prejudicial under Fed. R. Evid. 403.

We review for abuse-of-discretion a district court's evidentiary rulings. United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003).  A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  We have said, however, that "Rule 403 is an extraordinary remedy which the district court should invoke sparingly."  Dodds, 347 F.3d at 897 (quotations omitted).  In considering admissibility under Rule 403, we view "the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact."  Id.  We will find abuse of discretion only if the district court's decision to admit evidence over a Rule 403 challenge is "unsupportable."  United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003).

The district court abused no discretion in allowing the government to introduce evidence of Defendant's prior voluntary departures.  The evidence showed that Defendant knew of his status as an alien and knew that he was not permitted to be in the United States without authorization.  This evidence was probative of Defendant's intent and motive to re-enter unlawfully the United States after Defendant was ordered removed.  We reject Defendant's argument that the evidence was unnecessarily cumulative given Defendant's concession that he was

5

a native of Mexico and was in the United States without permission. Typically, "the prosecution is entitled to prove its case by evidence of its own choice" and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Old Chief v. United States, 519 U.S. 172, 186-87 (1997).

We cannot say that the risk of unfair prejudice outweighed the probative value of the evidence or say that the district court's evidentiary ruling was "unsupportable." The district court abused no discretion in allowing the government to introduce evidence of Defendant's prior voluntary departures.

## III.

Defendant next challenges the substantive reasonableness of his sentence. The district court sentenced Defendant to a term of time served, which was 300 days: a sentence that exceeded Defendant's guidelines range of zero to six months' imprisonment.

We review the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in the light of the

6

record and the 18 U.S.C. § 3553(a) factors.  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).

When a sentence is above the guidelines range, we "may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted).  "We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Defendant has failed to show that his above-guidelines sentence was substantively unreasonable.  As an initial matter, Defendant's sentence of 300 days is well below the statutory maximum sentence of 24 months.  See United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance in part because the ultimate sentence was appreciably below the statutory maximum sentence).

The district court explained that an above-guidelines sentence was necessary in the light of the nature and circumstances of the offense, Defendant's history and characteristics, and the need to promote respect for the law, provide just punishment, and to provide adequate deterrence.  The district court described Defendant's "vast disrespect" for the laws of the United States, as evidenced by Defendant's history of repeated unlawful entries.  The district court also considered evidence that Defendant remained undeterred despite having served a 150-day sentence for an earlier misdemeanor charge for unlawful entry.  Viewing the record as a whole, we cannot say that Defendant's 300-day time-served sentence was unreasonable or that the district court committed a clear error of judgment in determining that an above-guidelines sentence was warranted.

AFFIRMED.